NOS. 07-02-0446-CR
07-02-0447-CR
07-02-0448-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 22, 2003

_____

CECILIO SOSA VARGAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NOS. 6352, 32,689, 32,691; HONORABLE LEE WATERS, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

OPINION

Cecilio Sosa Vargas appeals from the trial court's refusal to reduce bail in three related cases. We affirm.

BACKGROUND

As the result of a traffic accident, appellant was charged with manslaughter (trial court cause number 6352), driving with a suspended license (trial court cause number 32,691), and failure to stop and render aid (trial court cause number 32,689). Bail was initially set at $1,000,000 in the manslaughter case, $2,500 in the driving with a suspended license case, and $100,000 in the failure to stop and render aid case. Appellant applied to the trial court for writs of habeas corpus seeking reduction of bail in each case. A hearing was held on August 20, 2002. During the hearing appellant's counsel referenced Article 1, Section 11 of the Texas Constitution and Section 1.07 of the Code of Criminal Procedure[1] in urging that the initial bail was excessive. The trial court lowered appellant's bail in the manslaughter case to $250,000 and in the failure to stop and render aid case to $25,000. No appeal was taken.

On September 30, 2002, appellant filed motions in each case to reduce bail pursuant to CCP art.17.151. He alleged that he had been confined for a period in excess of 90 days, the State was not ready for trial, and his bail must be reduced to an amount he could post. On October 1, 2002, appellant filed amended applications for habeas writs seeking reduction of bail in each case on the basis that the amounts set for bail during the August 20, 2002 hearing were excessive. The amended applications for habeas writs (1) did not reference any constitutional provision or statutory provision other than CCP

---

[1]Further reference to a provision of the Code of Criminal Procedure will be by reference to "CCP art._."

2

art.17.151, (2) alleged that pursuant to CCP art. 17.151 the court was required to reduce appellant's bail to an amount he could afford, and (3) stated that no previous application had been made for issuance of a writ of habeas corpus seeking the relief requested in the amended motion.

The trial court held a hearing on the motions to reduce bail and amended applications for writs of habeas corpus. The court informed the parties by letter that the motions to reduce bail and the amended habeas applications were denied. Written orders denying each of appellant's motions to reduce bail were signed. No written orders referencing the amended applications for writs of habeas corpus were entered. Appellant filed notices of appeal in each of the three cases. The notices of appeal referenced only the orders denying appellant's motions to reduce bail.

By two issues, appellant contends that (1) the bail set by the trial court in the aggregate amount of $325,500 for the three offenses was excessive and unreasonable in violation of the Eighth Amendment to the U.S. Constitution and Article 1, Sections 11 and 13 of the Texas Constitution; and (2) the trial court erred in finding that appellant did not rebut the State's *prima facie* showing of readiness within the 90 day period mandated by CCP art. 17.151, and in failing to reduce appellant's bail to the amount he could post.

ISSUE 1: EXCESSIVE BAIL

By his first issue, appellant urges that his bail was excessive, in violation of the Eighth Amendment to the U.S. Constitution and Article 1, Sections 11 and 13 of the Texas

3

Constitution. In the Argument and Authorities section of his brief he also references CCP articles 1.09 and 17.151. None of these bases were urged by his motions to reduce bail or amended habeas applications in the trial court. His trial court motions and amended habeas applications were based on CCP art. 17.151.

Appellant has not preserved error for appellate review as urged in his first issue because his complaint on appeal does not correlate to the matters he urged at trial. See TEX. R. APP. P. 33.1(a);[2] Dixon v. State, 2 S.W.3d 263, 265 (Tex.Crim.App.1998); Thomas v. State, 723 S.W.2d 696, 700 (Tex.Crim.App. 1986).[3] We overrule appellant's first issue.

## ISSUE 2: REFUSAL TO REDUCE BAIL PURSUANT TO CCP ART. 17.151

Via his second issue, appellant urges that the State was not ready for trial in compliance with the time dictate of CCP art. 17.151, which provides that a defendant who

---

[2]Further reference to a Rule of Appellate Procedure will be by reference to "TRAP _____."

[3]To the extent appellant's first issue is based on his amended applications for writs of habeas corpus and the rights he claimed therein under CCP art. 17.151, no reference was made to the applications in his notices of appeal and no written orders were entered as to those applications. The trial court's oral pronouncement refusing to reduce appellant's bail pursuant to the amended habeas applications may not have been sufficient to comprise appealable orders under these records and given the posture of this appeal. See TRAP 25.2(b)(2) and 26.2(a)(1); State v. Kibler, 874 S.W.2d 330, 332 (Tex.App.--Fort Worth 1994, no pet.). Because of our disposition of appellant's first issue, we do not address sufficiency of the notices of appeal to invoke our jurisdiction as to the amended habeas applications, whether appealable orders existed as to the amended habeas applications, or the effect of any possible lack of appealable orders as to our jurisdiction over an issue based on the applications.

4

is accused of a felony and who is detained in jail pending trial must be released either on personal bond or by reducing the amount of bail required if the State is not ready for trial within 90 days from the commencement of the defendant's detention. Appellant urges that under Rowe v. State, 853 S.W.2d 581 (Tex.Crim.App. 1993), he was entitled to have bail set at an amount the evidence showed he could make. On this direct appeal he prays that we set aside the trial court's interlocutory pretrial orders and enter an order that bail be set in the aggregate at $30,000.

We first must consider whether we have jurisdiction. See State v. Roberts, 940 S.W.2d 655, 657 (Tex.Crim.App. 1996). Jurisdiction is the power of the court over the subject matter of the case, conveyed by statute or constitutional provision, id., coupled with personal jurisdiction over the parties. See Flowers v. State, 935 S.W.2d 131, 134 n.4 (Tex.Crim.App. 1996); Fairfield v. State, 610 S.W.2d 771, 779 (Tex.Crim.App. 1981). Courts address the question of jurisdiction *sua sponte*, because unless a court has jurisdiction over a matter, its actions in the matter are without validity. See Roberts, 940 S.W.2d at 657 n.2.

The right to appeal is conferred by the legislature, and generally a party may appeal only that which the legislature has authorized. See Marin v. State, 851 S.W.2d 275, 278 (Tex.Crim.App. 1993); Olowosuko v. State, 826 S.W.2d 940, 941 (Tex.Crim.App. 1992). Absent express authority, courts of appeals do not have jurisdiction to review interlocutory orders, see Ex parte Apolinar v. State, 820 S.W.2d 792, 794 (Tex.Crim.App. 1991),

although some narrow exceptions to such rule may exist.  See Wright v. State, 969 S.W.2d 588, 589 (Tex.App.–Dallas 1998, no pet.).

The courts of appeals have split over whether appellate jurisdiction exists in regard to direct appeals from pretrial bail rulings such as the one before us.  Compare Ramos v. State, 89 S.W.3d 122, 124-26 (Tex.App.–Corpus Christi 2002, no pet.) (TRAP 31.1 contemplates appeals of orders in bail proceedings) with Benford v. State, 994 S.W.2d 404, 409 (Tex.App.–Waco 1999, no pet.) (appellate jurisdiction does not exist over appeal from interlocutory pretrial order increasing amount of bail because no statutory grant of jurisdiction) and Ex parte Shumake, 953 S.W.2d 842, 846-47 (Tex.App.–Austin 1997, no pet.).  See also Wright, 969 S.W.2d at 589-90 ("This appeal does not fall within one of the exceptions to the rule, nor are we inclined to construe rule 31.1 of the rules of appellate procedure to encompass a direct appeal of a pretrial order revoking bond.").

We lack a statutory grant of jurisdiction over this appeal.  See Benford, 994 S.W.2d at 409.  And, although TRAP 31 addresses, in part, appeals from bail proceedings, we note that the Rules of Appellate Procedure do not establish jurisdiction of courts of appeals, see Olivo v. State, 918 S.W.2d 519, 523  (Tex.Crim.App. 1996), and cannot create jurisdiction where none exists.  See State v. Riewe, 13 S.W.3d 408, 413 (Tex.Crim.App. 2000).

We concur with the conclusions reached by the Benford and Shumake courts.  We lack jurisdiction over this direct appeal from interlocutory pretrial orders refusing to lower

6

bail pursuant to CCP 17.151. Appellant's second issue is dismissed for want of jurisdiction.

CONCLUSION

We affirm.

Phil Johnson
Chief Justice

Publish.