In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00112-CR


______________________________




ROBERT LYNN MCCARVER, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 102nd Judicial District Court


Red River County, Texas


Trial Court No. CR01293




 




Before Morriss, C.J., Carter and Moseley, JJ.


Opinion by Justice Moseley



O P I N I O N



 Robert Lynn McCarver, charged with sexual assault, has filed an attempted direct appeal
from an order setting bail. A motion was filed on his behalf wherein bail was requested to be set at
$10,000.00; after a hearing on this request, the bail was set by the trial court at $200,000.00, twenty
times the requested amount. A second order was also signed by the trial court which reiterated the
$200,000.00 bail, but also mandated further requirements for the posting of bail: the bond as posted
must be approved by the trial judge, and M. Mark Lesher was specifically prohibited from acting as
surety on McCarver's bond.

 The first question before this Court is to determine whether we have jurisdiction to entertain
this appeal. See State v. Roberts, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996). Jurisdiction is the
power of the court over the subject matter of the case, conveyed by statute or constitutional
provision, id., coupled with personal jurisdiction over the parties. See Flowers v. State, 935 S.W.2d
131, 134 n.4 (Tex. Crim. App. 1996). Typically, when we receive appeals seeking this general type
of relief, it is from an order denying pretrial habeas corpus relief which involves a request to lower
bond which has been set. An appeal of that type is clearly available, even though it involves what
might otherwise be categorized as an unappealable interlocutory order. See Ex parte Hargett, 819
S.W.2d 866, 869 (Tex. Crim. App. 1991).

 However, this is not an appeal of a request for habeas corpus relief and is, therefore,
somewhat different. Rather, this is an attempt to directly appeal from the order setting bail itself;
McCarver's notice of appeal makes reference to Tex. R. App. P. 31.1 as the authority which permits
such an appeal to be brought and to be entertained by the courts of appeals. 

 There is considerable disagreement in the caselaw concerning whether a pretrial ruling in a
bail proceeding is immediately appealable. Appellate jurisdiction in such matters appears to be
recognized in Rule 31 of the Texas Rules of Appellate Procedure. (1) 

 The right to appeal is conferred by the Legislature; generally, a party may appeal only those
kinds of cases for which the Legislature has made authorization. See Marin v. State, 851 S.W.2d
275, 278 (Tex. Crim. App. 1993); Olowosuko v. State, 826 S.W.2d 940, 941 (Tex. Crim. App. 1992). 
Absent express statutory authority, courts of appeals do not have jurisdiction to review interlocutory
orders, see Ex parte Apolinar, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991), although some narrow
exceptions to such rule may exist. See Wright v. State, 969 S.W.2d 588, 589 (Tex. App.--Dallas
1998, no pet.).

 There is considerable disagreement in the caselaw over whether an appeal such as this is
within the jurisdiction of a court of appeals, a disagreement discussed at length in an opinion
authored by Chief Justice Phil Johnson of the Amarillo Court of Appeals in Vargas v. State, 109
S.W.3d 26, 29 (Tex. App.--Amarillo 2003, no pet.). (2) As Justice Johnson explained, the courts of
appeals have split over whether appellate jurisdiction exists in regard to direct appeals from pretrial
bail rulings such as the one now presented to us. Compare Ramos v. State, 89 S.W.3d 122, 124-26
(Tex. App.--Corpus Christi 2002, no pet.) (Tex. R. App. P. 31.1 contemplates appeals of orders in
bail proceedings) (3) with Benford v. State, 994 S.W.2d 404, 409 (Tex. App.--Waco 1999, no pet.)
(appellate jurisdiction does not exist over appeal from interlocutory pretrial order increasing amount
of bail because no statutory grant of jurisdiction exists) and Ex parte Shumake, 953 S.W.2d 842,
846-47 (Tex. App.--Austin 1997, no pet.). See also Wright v. State, 969 S.W.2d 588, 589-90 (Tex.
App.--Dallas 1998, no pet.) ("This appeal does not fall within one of the exceptions to the rule, nor
are we inclined to construe rule 31.1 of the rules of appellate procedure to encompass a direct appeal
of a pretrial order revoking bond."--But stating that the Houston First Court of Appeals had
approved a direct appeal of a denial of a motion to reduce bond in Clark v. Barr, 827 S.W.2d 556,
557 (Tex. App.--Houston [1st Dist.] 1992, no writ)).

 The courts which have allowed such appeals rely on the language of the rule addressing
appeals from bail proceedings, and on a footnote in Primrose v. State, 725 S.W.2d 254 (Tex. Crim.
App. 1987). However, Primrose is not an appeal of an order setting bail, but is, instead, one from
a mandamus proceeding; the footnote, relying on the predecessor to Rule 31.1, states that the appeal
from a bail proceeding is to be taken to the court of appeals. However, even in that opinion, there
is no other authority for provision of such an appeal than the spare language of the rule itself. 
Matters have not since been clarified by the Texas Court of Criminal Appeals on this particular issue,
although one aspect of the analysis has since been addressed in other contexts.

 We initially recognize that there is no statutory grant of jurisdiction over this type of appeal. 
See Benford, 994 S.W.2d at 409. We further recognize that although Tex. R. App. P. 31 contains
language concerning (among other things) appeals from bail proceedings, the grant of our
jurisdiction is made solely by the Legislature and not by the Texas Rules of Appellate Procedure. 
See Chavez v. State, 183 S.W.3d 675 (Tex. Crim. App. 2006); Olivo v. State, 918 S.W.2d 519, 523
(Tex. Crim. App. 1996). Further, the Texas Court of Criminal Appeals has emphasized that the rules
cannot create jurisdiction where none exists. See State v. Riewe, 13 S.W.3d 408, 413 (Tex. Crim.
App. 2000). Thus, the conclusion stated in the footnote in Primrose, which is dicta in that case, has
been necessarily undone by subsequent decisions of the Texas Court of Criminal Appeals. 

 We concur with the conclusions reached by the Vargas, Benford, and Shumake courts and
conclude that the Legislature has not provided this Court with jurisdiction over this direct appeal
from interlocutory pretrial orders involving bail. 

 We dismiss the appeal for want of jurisdiction.




 Bailey C. Moseley

 Justice


Date Submitted: June 25, 2008

Date Decided: June 26, 2008


Publish

1. Specifically, Tex. R. App. P. 31.1 makes reference to "written notice of appeal from a
judgment or order in a habeas corpus or bail proceeding."
2. Phil Johnson is currently a sitting justice on the Texas Supreme Court.
3. Similarly, see McKown v. State, 915 S.W.2d 160 (Tex. App.--Fort Worth 1996, no pet.)
(listing an appeal from the denial of a motion to reduce bond as one of the narrow exceptions for
which interlocutory appeal is available--citing as authority the predecessor to present Rule 31.1);
Bridle v. State, 16 S.W.3d 906, 907 n.1 (Tex. App.--Fort Worth 2000, no pet.).