In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-09-00252-CR


NO. 09-09-00253-CR


____________________



CHRISTOPHER LEE KEATON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 75th District Court


Liberty County, Texas


Trial Cause Nos. CR27674 and CR27678






 OPINION


 Christopher Lee Keaton has filed appeals from the trial court's orders setting his bond
at $250,000 in each of his underlying burglary cases. (1) Initially, the trial court set Keaton's
bond in trial cause number CR27674 at $1,000,000. After Keaton filed a motion to reduce
the bond, the trial court reduced the bond from $1,000,000 to $250,000. The trial court also
set the bond in trial cause number CR27678 at $250,000.

 Keaton filed a joint notice of appeal and asserts in his brief that the reduced bond in
trial cause number CR27674 is still excessive. He also contends that the bond of $250,000
in trial cause number CR27678 is excessive. (2)

 Keaton did not file requests with the trial court in which he sought writs of habeas
corpus; therefore these are not appeals from the trial court's denial of claims for habeas
relief. Instead, Keaton requests that we review the trial court's orders setting bond in 
interlocutory appeals. We possess jurisdiction over an appeal from a trial court's merit-based
denial of habeas proceedings. Ex parte Hargett, 819 S.W.2d 866, 868-69 (Tex. Crim. App.
1991). (3) Nevertheless, we have no authority to dispose of a pending controversy unless our
jurisdiction has been invoked. White v. State, 61 S.W.3d 424, 428 (Tex. Crim. App. 2001). 

 The right to appeal is conferred by the Legislature and generally, a party may appeal
only those cases for which the Legislature has authorized appeal. See Marin v. State, 851
S.W.2d 275, 278 (Tex. Crim. App. 1993), overruled on other grounds, Cain v. State, 947
S.W.2d 262, 264 (Tex. Crim. App. 1997). Absent express authority, courts of appeals do not
have jurisdiction to review interlocutory orders, although some narrow exceptions may exist. 
See Ex parte Apolinar, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991); Wright v. State, 969
S.W.2d 588, 589 (Tex. App.-Dallas 1998, no pet.).

 Four of our sister courts of appeals have held that appellate jurisdiction does not exist
over a direct appeal from pre-trial bail rulings. McCarver v. State, 257 S.W.3d 512, 513-15
(Tex. App.-Texarkana 2008, no pet.) (holding that appellate jurisdiction does not exist over
appeal from interlocutory pretrial order pertaining to defendant's bail because no statutory
grant of jurisdiction exists); Vargas v. State, 109 S.W.3d 26, 29 (Tex. App.-Amarillo 2003,
no pet.); Benford v. State, 994 S.W.2d 404, 409 (Tex. App.-Waco 1999, no pet.); Ex parte
Shumake, 953 S.W.2d 842, 845-47 (Tex. App.-Austin 1997, no pet.). Five of our sister
courts have held that appellate jurisdiction exists to allow an appeals court to review trial
court orders denying motions to reduce bond. Rush v. State, No. 14-09-00434-CR, No. 14-09-00453-CR, No. 14-09-00460-CR, No. 14-09-00462-CR, 2009 Tex. App. LEXIS 5283,
at *3 (Tex. App.-Houston [14th Dist.] July 9, 2009, no. pet. h.) (listing an appeal from the
denial of a motion to reduce bond as one of the narrow exceptions for which interlocutory
appeal is available); Ramos v. State, 89 S.W.3d 122, 124-26 (Tex. App.-Corpus Christi 2002,
no pet.) (holding that Rule 31.1 (4) of the Texas Rules of Appellate Procedure contemplates
appeals of orders in bail proceedings); Saliba v. State, 45 S.W.3d 329, 329 (Tex. App.-Dallas
2001, no pet.) (listing an appeal from the denial of a motion to reduce bond as one of the
narrow exceptions for which interlocutory appeal is available); McKown v. State, 915 S.W.2d
160, 161 (Tex. App.-Fort Worth 1996, no pet.); Clark v. Barr, 827 S.W.2d 556, 557 (Tex.
App.-Houston [1st Dist.] 1992, orig. proceeding) (granting mandamus relief to relator to
allow for a direct appeal of a denial of a motion to reduce bond based on predecessor of Rule
31.1 and a footnote in Primrose v. State, 725 S.W.2d 254, 256 n.3 (Tex. Crim. App. 1987)). (5)

 Previously, we noted the existence of differing opinions of our sister courts on the
question, and observed that Primrose was not an appeal from an interlocutory order denying
a motion for reduction of bail. Badall v. State, No. 09-04-211 CR, 2004 Tex. App. LEXIS
6933, at **3-7 (Tex. App.-Beaumont July 28, 2004, no pet.). Because the order under
review in Badall was a merit-based order on an application seeking a writ of habeas corpus,
we were not required to reach the issue of whether the Legislature has given courts of appeals
jurisdiction over interlocutory orders that establish the amount of criminal defendants' pre-trial bonds. Id. 

 The Rules of Appellate Procedure provide the mechanism for invoking appellate
jurisdiction, but do not create jurisdiction. White, 61 S.W.3d at 427-28 ("The Rules of
Appellate Procedure do not establish jurisdiction of courts of appeals, but, rather, set out
procedures which must be followed in order to invoke jurisdiction over a particular appeal."). 
We have found no statutory grant of jurisdiction over this type of appeal. While Rule 31.1
addresses appeals of bail proceedings, our jurisdiction is derived solely from the Legislature;
it is not derived from the Texas Rules of Appellate Procedure. See Olivo v. State, 918
S.W.2d 519, 523 (Tex. Crim. App. 1996). The appellate rules cannot create jurisdiction
where none exists. See State v. Riewe, 13 S.W.3d 408, 413 (Tex. Crim. App. 2000). 

 When our jurisdiction has not been legally invoked, the only appropriate disposition
is to dismiss for want of jurisdiction. See White, 61 S.W.3d at 428. We concur with the
conclusions reached by our sister courts in McCarver, Vargas, Benford, and Shumake. Like
those courts, we conclude that the Legislature did not provide appellate jurisdiction over a
direct appeal from an interlocutory pretrial order involving bail. Since both of Keaton's
appeals are from orders of this category, we hold that we have no jurisdiction over these two
appeals, and dismiss them for want of jurisdiction.

 APPEALS DISMISSED FOR WANT OF JURISDICTION.



 ____________________________

 HOLLIS HORTON

 Justice


Submitted on August 14, 2009

Opinion Delivered August 26, 2009

Publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. The trial court cause numbers are CR27674 for burglary of a habitation and CR27678
for burglary of a building, both pending in the 75th Judicial District Court of Liberty County,
Texas.
2. For simplicity, we address both cases in this one opinion.
3. We note that in Ex parte Villanueva, 252 S.W.3d 391, 395-97 (Tex. Crim. App.
2008), the Court of Criminal Appeals held that Ex parte Hargett's limitations on an appellate
court's jurisdiction to consider an appeal of a habeas ruling do not apply to applications for
writs of habeas corpus filed pursuant to Article 11.072 of the Texas Code of Criminal
Procedure. See Tex. Code Crim. Proc. Ann. art. 11.072 (Vernon 2005) (relating to the
procedures for applications for writs of habeas corpus in felony or misdemeanor cases in
which the applicant seeks relief from an order or judgment of conviction ordering community
supervision). Keaton's appeal neither involves a habeas proceeding nor falls within this
statutory provision that alters the general rule applied to determining the appellate court's
jurisdiction. See id.
4. Specifically, Texas Rule of Appellate Procedure 31.1 makes reference to "written
notice of appeal from a judgment or order in a habeas corpus or bail proceeding[.]"
5. Footnote 3 in Primrose states as follows:


 The State in its reply brief, citing Arts. 11.23 and 11.41, V.A.C.C.P., argues
that "habeas corpus is the proper vehicle for people held without bail under
indictment for a capital offense," and that the "appeal should be dismissed
with instructions for [a]ppellant to seek the recognized and proper method of
review, i.e., habeas corpus." However, Rule 44(a), supra, [the predecessor rule
to Rule 33.1,] clearly contemplates direct appeals "in habeas corpus and bail
proceedings . . . ." That appeal is to be "taken to the court of appeals," Rule
44(b), supra, and the decision rendered by that court may then be subject to
discretionary review by this Court. Rule 44(e), supra.


Primrose v. State, 725 S.W.2d 254, 256 n.3 (Tex. Crim. App. 1987).