NO. 07-10-00200-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 29, 2010

JAMES JOSEPH DALEY, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

NO. 11,374; HONORABLE DAN MIKE BIRD, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, James Joseph Daley, appeals from the trial court's denial of his motion for reconsideration of revocation and denial of bail or alternative motion to set bail. Concluding that the legislature has not specifically granted this Court with the jurisdiction to entertain such an appeal, we will dismiss for want of jurisdiction.

Factual and Procedural History

The State alleged that appellant was driving at an excessive speed and failed to maintain a proper lookout when he struck another motor vehicle in October 2009, a

collision that resulted in the death of a man and for which appellant was charged with second-degree felony manslaughter. The trial court set bond at $1,000,000.00.

Appellant filed a pretrial application for writ of habeas corpus to reduce his bond from $1,000,000.00 to $10,000.00. On January 11, 2010, the trial court reduced his bond, not to $10,000.00, but to $100,000.00, and ordered that previously-imposed conditions remain in effect. Appellant did not appeal from this order setting new bond.

Less than one month later, appellant went out to a sports bar to watch the Super Bowl. Although his bond conditions required that he be at home from 7:00 p.m. to 7:00 a.m., he violated his curfew by remaining at the sports bar past 7:00 p.m. At about 7:30 p.m., appellant was arrested for public intoxication, also a violation of the bond condition that he commit no offense against the laws of this State.

Based on these violations, the State moved to revoke bond and asked that the trial court refuse to set subsequent bail. On February 18, 2010, the trial court heard and granted the State's motion to revoke bond. The trial court orally pronounced that "no bond is set at this time" although the trial court's written order, signed the same day, was silent as to the State's request that no bail be set. On March 16, appellant filed a motion asking the trial court to reconsider its revocation and denial of bail, to reinstate previously-set bail, or, in the alternative, to set new bail at a reasonable amount. It appears the trial court set a hearing on appellant's motion for May 10. However, if a hearing was held, we do not have a record of that hearing. By letter dated May 10, the trial court denied appellant's motion by "declining to set a bond" in the case.

2

Appellant filed his notice of expedited appeal specifically identifying the trial court's denial of his motion and citing Texas Rule of Appellate Procedure 31.1 as the mechanism by which the appeal is expedited. After having noted a possible jurisdictional defect, we invited the parties to respond to this jurisdictional issue no later than September 3. We received no response.

Analysis

Appellant cites the Texas Constitution for the proposition that a defendant is entitled to reasonable bail unless certain circumstances exist that would render him ineligible. See TEX. CONST. art. I, §§ 11, 11a. But, before we decide whether appellant's recitation of the law as it relates to the availability of bail is well-taken, we must first consider whether we have jurisdiction to consider the application of this law to this case in light of the procedural posture in which it stands before us. See State v. Roberts, 940 S.W.2d 655, 657 (Tex.Crim.App. 1996), overruled on other grounds by State v. Medrano, 67 S.W.3d 892, 903 (Tex.Crim.App. 2002). We will conclude that we do not and dismiss the appeal for want of jurisdiction.

Appellant does not appeal from a denial of a pretrial application for writ of habeas corpus; such a denial is appealable. See Ex parte Hargett, 819 S.W.2d 866, 868–69 (Tex.Crim.App. 1991); Keaton v. State, 294 S.W.3d 870, 871 (Tex.App.—Beaumont 2009, no pet.). Instead, he appeals the trial court's denial of his motion for

3

reconsideration of revocation and denial of bond or alternative motion to set bond.[1] As this Court pointed out in Vargas v. State, "[t]he right to appeal is conferred by the legislature, and generally a party may appeal only that which the legislature has authorized." 109 S.W.3d 26, 29 (Tex.App.—Amarillo 2003, no pet.) (citing Marin v. State, 851 S.W.2d 275, 278 (Tex.Crim.App. 1993)).

The intermediate courts of appeals are split over whether appellate jurisdiction exists in regard to direct appeals from pretrial bail rulings such as the one before us. Id. Compare Keaton, 294 S.W.3d at 873 (concluding that "Legislature did not provide appellate jurisdiction over a direct appeal from an interlocutory pretrial order involving bail"), and McCarver v. State, 257 S.W.3d 512, 515 (Tex.App.—Texarkana 2008, no pet.) (expressly agreeing with position taken in Vargas that an appellate court is without jurisdiction to consider direct appeals from pretrial bail rulings), with Ramos v. State, 89 S.W.3d 122, 124-26 (Tex.App.—Corpus Christi 2002, no pet.) (concluding that Rule 31.1 of the Texas Rules of Appellate Procedure contemplates appeals of orders in pretrial bail proceedings).

---

[1] We are not at liberty to construe appellant's motion as a pretrial application for writ of habeas corpus; they are two distinct procedural concepts. As sister courts have stated:

> Habeas corpus proceedings are separate and distinct proceedings independent of the cause instituted by the presentation of an indictment or other forms of the State's pleadings. Such habeas corpus proceedings should be docketed separately from the substantive cause and given a different cause number. An appeal from an order denying relief is not an interlocutory appeal from the substantive cause arising out of an indictment, felony information, or complaint and information.

Ex parte Carter, 849 S.W.2d 410, 411 n.2 (Tex. App.—San Antonio 1993, pet. ref'd), quoted in Green v. State, 999 S.W.2d 474, 477 (Tex.App.—Fort Worth 1999, pet. ref'd), and Ex parte Shumake, 953 S.W.2d 842, 846 n.8 (Tex.App.—Austin 1997, no pet.).

With respect to appellant's reference to Rule 31.1 of the Texas Rules of Appellate Procedure, we note that the Rules of Appellate Procedure provide the mechanism for invoking appellate jurisdiction but do not *create* jurisdiction. See White v. State, 61 S.W.3d 424, 427–28 (Tex.Crim.App. 2001); Keaton, 294 S.W.3d at 872. So, although Rule 31.1 of the Texas Rules of Appellate Procedure addresses appeals from bail proceedings, such a rule cannot create jurisdiction where none exists. See State v. Riewe, 13 S.W.3d 408, 413 (Tex.Crim.App. 2000); see also Wright v. State, 969 S.W.2d 588, 589–90 (Tex.App.—Dallas 1998, no pet.) (announcing that the court was not "inclined to construe rule 31.1 . . . to encompass a direct appeal of a pretrial order revoking bond").

The Texas Court of Criminal Appeals has yet to resolve this split among the sister courts. We, therefore, apply the rule of Vargas and conclude that we do not have jurisdiction over an appeal from a denial of a motion to reconsider revocation and denial of bail.[2] 109 S.W.3d at 29.

---

[2] Some courts have made the distinction between the denial of a motion to reduce bail and other pretrial orders relating to bail. See Wright, 969 S.W.2d at 589; Bridle v. State, 16 S.W.3d 906, 907 n.1 (Tex.App.—Fort Worth 2000, no pet.). Though the procedural posture of the instant case is such that we need not reconsider our position on our jurisdiction over an appeal from the denial of a motion to reduce bail, we note that we have held that we were without jurisdiction over appeals from such denials. Vargas, 109 S.W.3d at 29. The split among the sister courts on the more general jurisdictional issue and this developing divergence over the viability of an exception concerning denial of motions to reduce bail demonstrate the need for resolution of this important matter. We join Justice Gaultney in his call for "a uniform and clear approach to this jurisdictional issue." See Ex parte Young, 257 S.W.3d 276, 279 n.2 (Tex.App.—Beaumont 2008, orig. proceeding) (Gaultney, J., concurring in part and dissenting in part).

Conclusion

Having concluded that we are without jurisdiction to consider this appeal, we dismiss the appeal for want of jurisdiction.  <u>See</u> TEX. R. APP. P. 43.2(f).


Mackey K. Hancock
Justice

Do not publish.