NO. 07-10-00200-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



SEPTEMBER
29, 2010

 



 

JAMES JOSEPH DALEY, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 46TH DISTRICT COURT OF WILBARGER
COUNTY;

 

NO. 11,374; HONORABLE DAN MIKE BIRD, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant, James Joseph Daley,
appeals from the trial court’s denial of his motion for reconsideration of
revocation and denial of bail or alternative motion to set bail.  Concluding that the legislature has not
specifically granted this Court with the jurisdiction to entertain such an
appeal, we will dismiss for want of jurisdiction.

Factual and Procedural History

            The
State alleged that appellant was driving at an excessive speed and failed to
maintain a proper lookout when he struck another motor vehicle in October 2009,
a collision that resulted in the death of a man and for which appellant was
charged with second-degree felony manslaughter. 
The trial court set bond at $1,000,000.00.  

            Appellant
filed a pretrial application for writ of habeas corpus to reduce his bond from
$1,000,000.00 to $10,000.00.  On January
11, 2010, the trial court reduced his bond, not to $10,000.00, but to
$100,000.00, and ordered that previously-imposed conditions remain in
effect.  Appellant did not appeal from
this order setting new bond.

            Less
than one month later, appellant went out to a sports bar to watch the Super
Bowl.  Although his bond conditions
required that he be at home from 7:00 p.m. to 7:00 a.m., he violated his curfew
by remaining at the sports bar past 7:00 p.m. 
At about 7:30 p.m., appellant was arrested for public intoxication, also
a violation of the bond condition that he commit no
offense against the laws of this State.

            Based
on these violations, the State moved to revoke bond and asked that the trial
court refuse to set subsequent bail.  On
February 18, 2010, the trial court heard and granted the State’s motion to revoke
bond.  The trial court orally pronounced
that “no bond is set at this time” although the trial court’s written order,
signed the same day, was silent as to the State’s request that no bail be set.  On March 16, appellant filed a motion asking
the trial court to reconsider its revocation and denial of bail, to reinstate
previously-set bail, or, in the alternative, to set new bail at a reasonable
amount.  It appears the trial court set a
hearing on appellant’s motion for May 10. 
However, if a hearing was held, we do not have a record of that
hearing.  By letter dated May 10, the
trial court denied appellant’s motion by “declining to set a bond” in the case.

            Appellant
filed his notice of expedited appeal specifically identifying the trial court’s
denial of his motion and citing Texas Rule of Appellate Procedure 31.1 as the
mechanism by which the appeal is expedited. 
After having noted a possible jurisdictional defect, we invited the
parties to respond to this jurisdictional issue no later than September 3.  We received no response.

Analysis

            Appellant
cites the Texas Constitution for the proposition that a defendant is entitled
to reasonable bail unless certain circumstances exist that would render him
ineligible.  See Tex. Const. art. I, §§
11, 11a.  But, before we decide
whether appellant’s recitation of the law as it relates to the availability of
bail is well-taken, we must first consider whether we have jurisdiction to
consider the application of this law to this case in light of the procedural posture
in which it stands before us.  See State v. Roberts, 940 S.W.2d 655, 657 (Tex.Crim.App. 1996), overruled on other grounds by State
v. Medrano, 67 S.W.3d 892, 903 (Tex.Crim.App.
2002).  We will conclude that we
do not and dismiss the appeal for want of jurisdiction.

            Appellant
does not appeal from a denial of a pretrial application for writ of habeas
corpus; such a denial is appealable.  See Ex parte Hargett, 819
S.W.2d 866, 868–69 (Tex.Crim.App. 1991); Keaton v.
State, 294 S.W.3d 870, 871 (Tex.App.—Beaumont
2009, no pet.).  Instead, he
appeals the trial court’s denial of his motion for reconsideration of
revocation and denial of bond or alternative motion to set bond.[1]  As this Court pointed out in Vargas v.
State, “[t]he right to appeal is conferred by the legislature, and
generally a party may appeal only that which the legislature has
authorized.”  109
S.W.3d 26, 29 (Tex.App.—Amarillo 2003, no pet.)
(citing Marin v. State, 851 S.W.2d 275, 278 (Tex.Crim.App. 1993)).

            The
intermediate courts of appeals are split over whether appellate jurisdiction
exists in regard to direct appeals from pretrial bail rulings such as the one
before us.  Id.  Compare Keaton,
294 S.W.3d at 873 (concluding that “Legislature did not provide appellate
jurisdiction over a direct appeal from an interlocutory pretrial order
involving bail”), and McCarver v. State,
257 S.W.3d 512, 515 (Tex.App.—Texarkana 2008, no
pet.) (expressly agreeing with position taken
in Vargas that an appellate court is without jurisdiction to consider
direct appeals from pretrial bail rulings), with Ramos v. State,
89 S.W.3d 122, 124-26 (Tex.App.—Corpus Christi 2002,
no pet.) (concluding that Rule 31.1 of the Texas Rules
of Appellate Procedure contemplates appeals of orders in pretrial bail
proceedings). 

            With
respect to appellant’s reference to Rule 31.1 of the Texas Rules of Appellate
Procedure, we note that the Rules of Appellate Procedure provide the mechanism
for invoking appellate jurisdiction but do not create jurisdiction.  See
White v. State, 61 S.W.3d 424, 427–28 (Tex.Crim.App.
2001); Keaton, 294 S.W.3d at 872. 
So, although Rule 31.1 of the Texas Rules of Appellate Procedure
addresses appeals from bail proceedings, such a rule cannot create jurisdiction
where none exists.  See State
v. Riewe, 13 S.W.3d 408, 413 (Tex.Crim.App.
2000); see also Wright v. State, 969 S.W.2d 588, 589–90 (Tex.App.—Dallas 1998, no pet.) (announcing
that the court was not “inclined to construe rule 31.1 . . . to encompass a
direct appeal of a pretrial order revoking bond”).

            The
Texas Court of Criminal Appeals has yet to resolve this split among the sister
courts.  We, therefore, apply the rule of
Vargas and conclude that we do not have jurisdiction over an appeal from
a denial of a motion to reconsider revocation and denial of bail.[2]  109 S.W.3d at 29.

 

Conclusion

            Having
concluded that we are without jurisdiction to consider this appeal, we dismiss
the appeal for want of jurisdiction.  See
Tex. R. App. P. 43.2(f).

 

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

Do not publish.  

            








 











[1]
We are not at liberty to construe appellant’s
motion as a pretrial application for writ of habeas corpus; they are two
distinct procedural concepts.  As sister
courts have stated:

Habeas corpus proceedings are separate and distinct proceedings
independent of the cause instituted by the presentation of an indictment or
other forms of the State’s pleadings. 
Such habeas corpus proceedings should be docketed separately from the
substantive cause and given a different cause number.  An appeal from an order denying relief is not
an interlocutory appeal from the substantive cause arising out of an indictment,
felony information, or complaint and information.

Ex parte Carter, 849 S.W.2d
410, 411 n.2 (Tex. App.—San Antonio 1993, pet. ref’d), quoted in Green v. State, 999 S.W.2d
474, 477 (Tex.App.—Fort Worth
1999, pet. ref’d), and Ex parte Shumake, 953 S.W.2d 842, 846 n.8 (Tex.App.—Austin 1997, no pet.).





[2]
Some courts have made the distinction between
the denial of a motion to reduce bail and other pretrial orders relating to
bail.  See Wright,
969 S.W.2d at 589; Bridle v. State, 16 S.W.3d 906, 907 n.1 (Tex.App.—Fort Worth 2000, no pet.).  Though the procedural posture of the instant
case is such that we need not reconsider our position on our jurisdiction over
an appeal from the denial of a motion to reduce bail, we note that we have held
that we were without jurisdiction over appeals from such denials.  Vargas, 109 S.W.3d
at 29.  The split among the sister
courts on the more general jurisdictional issue and this developing divergence
over the viability of an exception concerning denial of motions to reduce bail
demonstrate the need for resolution of this important matter.  We join Justice Gaultney
in his call for “a uniform and clear approach to this jurisdictional
issue.”  See Ex parte Young,
257 S.W.3d 276, 279 n.2 (Tex.App.—Beaumont 2008, orig. proceeding) (Gaultney,
J., concurring in part and dissenting in part).