NO. 07-11-00446-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL D
 
--------------------------------------------------------------------------------
MARCH 29, 2012
--------------------------------------------------------------------------------

 
 JOHNNY DEANDA, APPELLANT
 
 v.
 
 THE STATE OF TEXAS, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE 121ST DISTRICT COURT OF TERRY COUNTY;
 
 NO. 2753; HONORABLE KELLY G. MOORE, JUDGE
--------------------------------------------------------------------------------

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

 MEMORANDUM OPINION
 
Appellant Johnny Deanda, a prison inmate appearing pro se, filed notice of appeal from the trial court's ruling on his request for additional pre-sentence jail-time credit. We will dismiss the appeal for want of jurisdiction. 
Appellant was convicted of attempted murder in 1983 and sentenced to twenty years in prison. He remains in prison, apparently because he has been paroled at times but returned to incarceration after revocation. In October 2011, appellant filed a motion in the trial court for judgment nunc pro tunc seeking pre-sentence jail-time credit. Dissatisfied with the court's ruling on his motion, he filed notice of appeal. 
On our own motion we questioned our jurisdiction. See Ryan v. State, No. 07-09-0340-CR, 2010 Tex. App. Lexis 883, at *2-3 (Tex.App.--Amarillo Feb. 8, 2010, no pet.) (mem. op.) ("An appellate court is obligated to determine, on its own motion, its jurisdiction to entertain an appeal") (citing State v. Roberts, 940 S.W.2d 655, 657 (Tex.Crim.App. 1996), overruled on other grounds, State v. Medrano, 67 S.W.3d 892, 901-03 (Tex.Crim.App. 2002)). The Texas Constitution provides that the courts of appeals have appellate jurisdiction "under such restrictions and regulations as may be prescribed by law." Tex. Const. art. V, § 6(a). Thus a party may generally appeal only those cases authorized by the Legislature for appeal. Keaton v. State, 294 S.W.3d 870, 871 (Tex.App.--Beaumont 2009, no pet.); see Olowosuko v. State, 826 S.W.2d 940, 941 (Tex.Crim.App. 1992) ("It is axiomatic that a party may appeal only that which the Legislature has authorized"). "The standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law." Abbott v. State, 271 S.W.3d 694, 696-97 (Tex.Crim.App. 2008). "A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed . . . ." Tex. Code Crim. Proc. Ann. art. 44.02 (West 2006). For appellate purposes, a "criminal action no longer exists after a defendant has been convicted and the direct appeal process from that conviction has been exhausted." Skinner v. State, 305 S.W.3d 593, 594 (Tex.Crim.App. 2010) (per curiam). In the present matter, we find no appellate jurisdiction for review of an order denying a post-conviction request for nunc pro tunc jail-time credit. See Abbott, 271 S.W.3d at 697 (finding no jurisdictional basis for court of appeals to review trial court's post-judgment order denying defendant's time-credit motion). We accordingly dismiss appellant's appeal for want of jurisdiction. Tex. R. App. P. 43.2(f).
Per Curiam

Do not publish.