NO. 07-11-00446-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 29, 2012

JOHNNY DEANDA, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 121ST DISTRICT COURT OF TERRY COUNTY;

NO. 2753; HONORABLE KELLY G. MOORE, JUDGE

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Johnny Deanda, a prison inmate appearing *pro se*, filed notice of appeal from the trial court's ruling on his request for additional pre-sentence jail-time credit. We will dismiss the appeal for want of jurisdiction.

Appellant was convicted of attempted murder in 1983 and sentenced to twenty years in prison. He remains in prison, apparently because he has been paroled at times but returned to incarceration after revocation. In October 2011, appellant filed a motion in the trial court for judgment *nunc pro tunc* seeking pre-sentence jail-time credit. Dissatisfied with the court's ruling on his motion, he filed notice of appeal.

On our own motion we questioned our jurisdiction.[1] *See Ryan v. State,* No. 07-09-0340-CR, 2010 Tex. App. Lexis 883, at *2-3 (Tex.App.--Amarillo Feb. 8, 2010, no pet.) (mem. op.) ("An appellate court is obligated to determine, on its own motion, its jurisdiction to entertain an appeal") (citing *State v. Roberts,* 940 S.W.2d 655, 657 (Tex.Crim.App. 1996), *overruled on other grounds, State v. Medrano,* 67 S.W.3d 892, 901-03 (Tex.Crim.App. 2002)).  The Texas Constitution provides that the courts of appeals have appellate jurisdiction "under such restrictions and regulations as may be prescribed by law."  Tex. Const. art. V, § 6(a).  Thus a party may generally appeal only those cases authorized by the Legislature for appeal.  *Keaton v. State,* 294 S.W.3d 870, 871 (Tex.App.--Beaumont 2009, no pet.); *see Olowosuko v. State,* 826 S.W.2d 940, 941 (Tex.Crim.App. 1992) ("It is axiomatic that a party may appeal only that which the Legislature has authorized").  "The standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law."  *Abbott v. State,* 271 S.W.3d 694, 696-97 (Tex.Crim.App. 2008).  "A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed . . . ."  Tex. Code Crim. Proc. Ann. art. 44.02 (West 2006).  For appellate purposes, a "criminal action no longer exists after a defendant has been convicted and the direct appeal process from that conviction has been exhausted."  *Skinner v. State,* 305 S.W.3d 593, 594 (Tex.Crim.App. 2010) (per curiam).  In the present matter, we find no appellate jurisdiction for review of an order denying a post-conviction request for *nunc pro tunc* jail-time credit.  *See Abbott,* 271 S.W.3d at 697 (finding no jurisdictional basis for court of appeals to review trial court's post-judgment order denying defendant's time-credit

---

[1] By letter we notified the parties of our jurisdictional concern and abated the case until further order.  We now order the abatement dissolved.

motion). We accordingly dismiss appellant's appeal for want of jurisdiction.[2] Tex. R. App. P. 43.2(f).

Per Curiam

Do not publish.

---

[2] Appellant's motion for additional time to file his appellate brief is dismissed as moot.