# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00563-CR

**Kelvin Pedro Bester, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 69695, THE HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## NO. 03-13-00564-CR

**Kelvin Pedro Bester, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 70288, THE HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Kelvin Pedro Bester, appearing pro se, purports to appeal from two post-indictment pretrial rulings of the trial court denying his request for bond reductions in a family-violence assault case and an aggravated robbery case.

However, in each case the trial court has certified that appellant "cannot appeal" the denial of bond reduction. An appeal must be dismissed if a certification showing the defendant has the right of appeal has not been made part of the record. *See* Tex. R. App. P. 25.2(a)(2), (d); *Blanton v. State*, 369 S.W.3d 894, 904 (Tex. Crim. App. 2012).

Moreover, we lack jurisdiction over a direct appeal from an interlocutory pretrial order on a motion for bond reduction.[1] *See Ex parte Shumake*, 953 S.W.2d 842, 846–47 (Tex. App.—Austin 1997, no pet.).

Accordingly, we dismiss these appeals for want of jurisdiction.

---

[1] The courts of appeals have split over whether appellate jurisdiction exists in regard to direct appeals from pretrial bail rulings. A number of appellate courts have concluded that no constitutional or statutory provision exists authorizing an interlocutory appeal from a trial court's order on a motion for bond reduction. *See Ex parte Ragston*, 402 S.W.3d 472, 478 (Tex. App.—Houston [14th Dist.] 2013, pet. granted.); *Sanchez v. State*, 340 S.W.3d 848, 849 (Tex. App.—San Antonio 2011, no pet.); *Keaton v. State*, 294 S.W.3d 870, 873 (Tex. App.—Beaumont 2009, no pet.); *McCarver v. State*, 257 S.W.3d 512, 514–15 (Tex. App.—Texarkana 2008, no pet.); *Vargas v. State*, 109 S.W.3d 26, 29 (Tex. App.—Amarillo 2003, no pet.); *Benford v. State*, 994 S.W.2d 404, 409 (Tex. App.—Waco 1999, no pet.). Conversely, some other courts have held that a defendant may take an interlocutory appeal from a pretrial motion for bond reduction. *See Ramos v. State*, 89 S.W.3d 122, 124–26 (Tex. App.—Corpus Christi 2002, no pet.); *Clark v. Barr*, 827 S.W.2d 556, 557 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding).

This Court has previously held that we lack jurisdiction over such an appeal. *Ex parte Shumake*, 953 S.W.2d 842, 846–47 (Tex. App.—Austin 1997, no pet.). "[A]bsent a decision from the Court of Criminal Appeals or this court sitting en banc that is on point and contrary to the prior panel decision or an intervening and material change in the statutory law, we are bound by our prior panel decision." *Medina v. State*, No. 14-12-00383-CR, 2013 WL 4017340, at *4 n.5 (Tex. App.—Houston [14th Dist.] Aug. 8, 2013, no pet. h.); *see Riney v. State*, 28 S.W.3d 561, 565 (Tex. Crim. App. 2000) (adherence to precedent pursuant to doctrine of *stare decisis* "promotes judicial efficiency and consistency, it fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process.").

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Field

Dismissed for Want of Jurisdiction

Filed:   August 29, 2013

Do Not Publish