

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-14-00307-CR

---

JAMES EDWARD SMITH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 64th District Court
Hale County, Texas
Trial Court No. A19471-1307, Honorable Robert W. Kinkaid Jr., Presiding

---

August 29, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appearing *pro se*, James Edward Smith filed a notice of appeal attempting to challenge a trial court order denying his request for "shock probation"[1] and denial of

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 6 (West Supp. 2014) (under circumstances described, trial court's jurisdiction in a felony case continues for 180 days from the date execution of sentence of imprisonment begins, allowing court to suspend further execution of sentence). "This provision, commonly referred to as 'shock probation,' allows the trial court to suspend further imposition of sentence after the convicted party has experienced the 'shock' of actual incarceration." *Sutton v. State,* No. 07-08-0040-CR, No. 07-08-0041-CR, 2009 Tex. App. LEXIS 254, at *1-2 (Tex. App.—Amarillo Jan. 14, 2009, no pet.) (mem. op., not designated for publication).

court-appointed counsel for assistance in that proceeding. Based on the discussion that follows, we dismiss the attempted appeal for lack of jurisdiction.

Among the documents supplied by the trial court clerk is a written judgment memorializing Smith's April 17, 2014 conviction for theft, greater than $200,000. Pursuant to a plea bargain agreement Smith was sentenced to five years' confinement in prison with restitution of $1,318,648.34 ordered. Smith did not appeal the April 17 conviction and sentence.

During July 2014, Smith filed a motion in the trial court requesting placement on community supervision according to Code of Criminal Procedure article 42.12, § 6 and appointment of counsel for the proceeding. We have no indication the trial court conducted a live hearing on the motion but it denied the motion by a written order signed July 31. On August 11, Smith filed his notice of appeal of the July 31 order.

Noticing a possible lack of appellate jurisdiction, we abated the appeal and notified the parties of our concern. We offered Smith an opportunity to respond in writing, and he has timely responded with a memorandum. The memorandum presents Smith's views of the equities supporting probation of his sentence, but it cites us to no legal basis giving us appellate jurisdiction over orders like the July 31 order. And we are aware of none.

The Texas Constitution provides the courts of appeals with appellate jurisdiction "under such restrictions and regulations as may be prescribed by law." TEX. CONST. art. V, § 6(a). Thus a party may generally appeal only those cases authorized by the Legislature for appeal. *Keaton v. State,* 294 S.W.3d 870, 871 (Tex. App.—Beaumont

2

2009, no pet.); *see Olowosuko v. State,* 826 S.W.2d 940, 941 (Tex. Crim. App. 1992) ("It is axiomatic that a party may appeal only that which the Legislature has authorized"). "The standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Abbott v. State,* 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008). "A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed . . . ." TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006). For appellate purposes, a "criminal action no longer exists after a defendant has been convicted and the direct appeal process from that conviction has been exhausted." *Skinner v. State,* 305 S.W.3d 593, 594 (Tex. Crim. App. 2010) (per curiam).

No statute or rule authorizes our appellate review of an order denying a post-conviction motion for shock probation under Code of Criminal Procedure article 42.12, section 6. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 6 (West Supp. 2014); *Houlihan v. State,* 579 S.W.2d 213, 215-16 (Tex. Crim. App. 1979); *Dodson v. State,* 988 S.W.2d 833, 834 (Tex. App.—San Antonio 1999, no pet.) (citing *Basaldua v. State,* 558 S.W.2d 2, 5 (Tex. Crim. App. 1977)). *See also Zepeda v. State,* 993 S.W.2d 167 (Tex. App.—San Antonio 1999, pet. refused) (per curiam) (holding court of appeals had no jurisdiction over denial of "shock probation" or alternative request for habeas corpus relief).[2] We therefore lack jurisdiction of the appeal Smith attempts.

---

[2] If the complaints Smith attempted to assert here on appeal are capable of being raised in a habeas corpus proceeding, an issue we do not address, jurisdiction lies in the Texas Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2014); *Ater v. Eighth Court of Appeals,* 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (holding the jurisdiction of the Court of Criminal Appeals over a post-conviction writ of habeas corpus following a felony conviction is exclusive).

Accordingly, we dissolve the abatement and dismiss the appeal for lack of jurisdiction.  TEX. R. APP. P. 43.2(f).

Per Curiam

Do not publish.