

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00047-CR

_____

BRANDON BROWN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 15F0579-202

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

# MEMORANDUM OPINION

Brandon Brown, appellant, has filed an interlocutory appeal from the trial court's February 26, 2016, order revoking his personal recognizance bond. In the State of Texas, a party may appeal only that which the Texas Legislature has authorized. *Galitz v. State*, 617 S.W.2d 949, 951 (Tex. Crim. App. 1981). In the absence of legislation authorizing an appeal, appellate courts lack jurisdiction to act. *Id.*

Generally speaking, in the criminal context, the Texas Legislature has only authorized appeals by criminal defendants from written judgments of conviction. *See Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010); *Ex parte Shumake*, 953 S.W.2d 842, 844 (Tex. App.—Austin 1997, no pet.). There are a few very limited exceptions to this general rule, *see Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.), but, as previously stated, in the absence of an appealable judgment or order, we are without jurisdiction to hear an appeal. The trial court's February 26, 2016, order revoking Brown's personal recognizance bond is not an order from which the Texas Legislature has authorized an appeal. *See McCarver v. State*, 257 S.W.3d 512, 513–15 (Tex. App.—Texarkana 2008, no pet.); *see also Sanchez v. State*, 340 S.W.3d 848, 852 (Tex. App.—San Antonio 2011, no pet.); *Keaton v. State*, 294 S.W.3d 870, 873 (Tex. App.—Beaumont 2009, no pet.); *Vargas v. State*, 109 S.W.3d 26, 29 (Tex. App.—Amarillo 2003, no pet.); *Benford v. State*, 994 S.W.2d 404, 409 (Tex. App.—Waco 1999, no pet.); *Shumake*, 953 S.W.2d at 846–47.

By letter dated May 3, 2016, we notified Brown of this potential defect in our jurisdiction and afforded him the opportunity to respond. We received no response.

In light of the foregoing, we dismiss this appeal for want of jurisdiction.


                                        Ralph K. Burgess
                                        Justice

Date Submitted:      May 23, 2016
Date Decided:        May 24, 2016

Do Not Publish