**Opinion issued October 4, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00637-CR

———————————

**JOSE ALFREDO PERALES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 149th District Court
Brazoria County, Texas
Trial Court Case No. 71698

## MEMORANDUM OPINION

In 2014, the trial court adjudicated appellant guilty of the state-jail-felony offense of theft—aggregated, and assessed his punishment at confinement for

eighteen months.[1] In June 2015, appellant filed a pro se motion for time credit in which he sought "diligent participation credit" to reduce his sentence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 15(h) (West Supp. 2016). The trial court denied the motion, and appellant filed a pro se notice of appeal. We dismiss the appeal for want of jurisdiction.

The right to appeal in a criminal case is a statutorily created right. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); *Bayless v. State*, 91 S.W.3d 801, 805 (Tex. Crim. App. 2002); *see also Keaton v. State*, 294 S.W.3d 870, 871 (Tex. App.—Beaumont 2009, no pet.) (citation omitted) ("The right to appeal is conferred by the Legislature and generally, a party may appeal only those cases for which the Legislature has authorized appeal."). Generally, a criminal defendant may appeal only from a final judgment. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02; *State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990). The denial of a post-conviction motion for time credit is not an appealable order. *Abbott v. State*, 271 S.W.3d 694, 697 (Tex. Crim. App. 2008) (citation omitted).

Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

---

[1] *See* TEX. PENAL CODE ANN. §§ 31.03(a), (b), (e)(4), 31.09 (West Supp. 2016).

**PER CURIAM**

Panel consists of Justices Bland, Massengale, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).