

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-21-00024-CR

_____

OSCAR CERNA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2018-414,159; Honorable Douglas H. Freitag, Presiding

February 11, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Oscar Cerna, filed a notice of appeal from the trial court's "Order Setting Bond, rendered on December 8, 2020." We dismiss the appeal for want of jurisdiction.

The minimal record before this court reflects that Appellant was indicted for murder.[1] On November 30, 2020, the trial court issued a bench order purportedly raising

---

[1] See TEX. PENAL CODE ANN. § 19.02 (West 2019).

the amount of his bail to $250,000.  The bench order was filed with the trial court clerk on December 8, 2020.  Appellant appealed the order.

In criminal cases, we have jurisdiction to consider an appeal from a judgment of conviction or where jurisdiction has been expressly granted by law.  *See Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008).  Because the order raising Appellant's bail is neither a judgment of conviction nor an order from which an appeal is specifically authorized by law, we have no jurisdiction over its appeal.[2]  *See Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014) ("There is no constitutional or statutory authority granting the courts of appeals jurisdiction to hear interlocutory appeals regarding excessive bail or the denial of bail."); *Keaton v. State*, 294 S.W.3d 870, 873 (Tex. App.—Beaumont 2009, no pet.) ("the Legislature did not provide appellate jurisdiction over a direct appeal from an interlocutory pretrial order involving bail").

By letter of January 21, 2021, we directed Appellant to file a response showing how we have jurisdiction over this appeal by February 1.  Appellant has not filed a response to our letter to date.

Accordingly, we dismiss the appeal for want of jurisdiction.

Per Curiam

Do not publish.

---

[2] We note that this is not an appeal from the denial of an application for habeas relief seeking bail reduction.  *See Greenwell v. Court of Appeals for the Thirteenth Judicial Dist*., 159 S.W.3d 645, 649-50 (Tex. Crim. App. 2005) ("we have also long recognized the separateness of pre-conviction habeas proceedings by permitting an immediate appeal from a denial of relief, before the trial proceedings in a criminal prosecution have been concluded").