

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-21-00030-CR
_____

PHILLIP VELAZQUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2017-411,477, Honorable William R. Eichman II, Presiding

March 9, 2021

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Appellant Phillip Velazquez, appearing pro se, filed a notice of appeal from the trial court's order denying his "Motion to Reduce Bail." We dismiss the appeal for want of jurisdiction.

The minimal record before the Court reflects that Appellant was indicted for aggravated robbery. On December 15, 2020, Appellant's trial counsel filed a motion to

reduce Appellant's bail from $250,000 to $10,000. The trial court denied the motion in a letter ruling dated January 21, 2021. Appellant appealed from the order, pro se.

In criminal cases, we have jurisdiction to consider an appeal from a judgment of conviction or where jurisdiction has been expressly granted by law. *See Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008). Because an order denying a motion to reduce bail is neither a judgment of conviction nor an order from which an appeal is specifically authorized by law, we have no jurisdiction over its appeal.[1] *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014) ("There is no constitutional or statutory authority granting the courts of appeals jurisdiction to hear interlocutory appeals regarding excessive bail or the denial of bail."); *Keaton v. State*, 294 S.W.3d 870, 873 (Tex. App.— Beaumont 2009, no pet.) ("[T]he Legislature did not provide appellate jurisdiction over a direct appeal from an interlocutory pretrial order involving bail.").

By letter of February 11, 2021, we directed Appellant to file a response showing how we have jurisdiction over this appeal by February 22. Appellant has not filed a response to our letter to date.

Accordingly, we dismiss the appeal for want of jurisdiction.

Per Curiam

Do not publish.

---

[1] We note that this is not an appeal from the trial court's denial of an application for writ of habeas corpus seeking bail reduction. *See Greenwell v. Court of Appeals for the Thirteenth Judicial Dist.*, 159 S.W.3d 645, 649-50 (Tex. Crim. App. 2005) ("[W]e have also long recognized the separateness of pre-conviction habeas proceedings by permitting an immediate appeal from a denial of relief, before the trial proceedings in a criminal prosecution have been concluded.").