Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# OPINION

No. 04-10-00891-CR

Jonathan **SANCHEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR11464D
Honorable Angus K. McGinty, Judge Presiding[1]

Opinion by:    Steven C. Hilbig, Justice

Sitting:       Catherine Stone, Chief Justice
              Steven C. Hilbig, Justice
              Marialyn Barnard, Justice

Delivered and Filed:  March 16, 2011

DISMISSED FOR WANT OF JURISDICTION

Jonathan Sanchez was indicted for capital murder and bail was set at one million dollars.

Sanchez filed a pretrial motion for bond reduction. After a hearing on the motion, the trial court

---

[1] This case originated in the 290th Judicial District Court of Bexar County, Texas, the Honorable Melisa Skinner, presiding. The motion for bond reduction, which is the subject of this appeal, was referred to the Magistrate Court, the Honorable Andrew W. Carruthers presiding. Judge Carruthers heard and ruled on the motion. In December 2010, while the motion was pending in the Magistrate Court, the underlying case was transferred to the 144th Judicial District Court, the Honorable Angus K. McGinty presiding.

entered an order setting bail at $500,000. Sanchez filed a notice of appeal, in which he alleged the bail is excessive and in violation of his constitutional rights.

The jurisdiction of this court is limited, and we must determine as a preliminary matter whether we have jurisdiction to decide the appeal. *See State v. Roberts*, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996), *overruled on other grounds by State v. Medrano*, 67 S.W.3d 892, 903 (Tex. Crim. App. 2002). In our review of the clerk's record, we found that Sanchez sought to appeal an interlocutory pretrial order on a motion to reduce bond. We further determined there is a split of authority among the Texas courts of appeals as to whether an order ruling on a pretrial motion to reduce bond may be appealed. *See, e.g., Keaton v. State*, 294 S.W.3d 870, 872-73 (Tex. App.—Beaumont 2009, no pet.)(holding court of appeals did not have jurisdiction to review pretrial order on motion to reduce bail and discussing authorities); *Ramos v. State*, 89 S.W.3d 122, 124-26 (Tex. App.—Corpus Christi 2002, no pet.)(holding court of appeals did have jurisdiction to review interlocutory order on motion to reduce bail and discussing authorities). This court has not expressly decided the question. We advised appellant that the record raised a question concerning our jurisdiction over the appeal, and we ordered him to show cause why the appeal should not be dismissed. Appellant's response did not provide any authority or substantive argument to support our exercising jurisdiction over the appeal. We conclude the trial court's interlocutory order in this case is not appealable, and we therefore dismiss the appeal for want of jurisdiction.

This court's jurisdiction is derived from the Constitution of the State of Texas, which provides that the courts of appeals have appellate jurisdiction "under such restrictions and regulations as may be prescribed by law." TEX. CONST. art. V, § 6(a). "It is axiomatic that a party may appeal only that which the Legislature has authorized." *Olowosuko v. State*, 826 S.W.2d

940, 941 (Tex. Crim. App. 1992). Thus, "[t]he standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008).

Article 44.02 of the Texas Code of Criminal Procedure provides that "[a] defendant in any criminal action has the right of appeal under the rules hereinafter prescribed." TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006). "However, in the absence of a positive legislative enactment, this statutory right of appeal has generally been 'restricted to persons convicted of offenses and those denied release under the writ of habeas corpus.'" *Celani v. State*, 940 S.W.2d 327, 329 (Tex. App.—San Antonio 1997, pet. ref'd)(quoting *De Silva v. State*, 98 Tex. Crim. 499, 267 S.W. 271, 272 (1924)); *see State v. Sellers*, 790 S.W.2d 316, 322 n. 4 (Tex. Crim. App. 1990)("[a] defendant's general right to appeal under Article 44.02, V.A.C.C.P., and its predecessors has always been limited to appeal from a 'final judgment'"). "The courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law." *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991).

There is no constitutional or statutory provision granting Texas courts of appeals jurisdiction over a ruling on a pretrial motion for bond reduction. Nevertheless, three of our sister courts have expressly held the courts of appeals have jurisdiction to review such orders. *See Blanton v. State*, No. 12-05-00031-CR, 2005 WL 468310, at *1 (Tex. App.—Tyler Feb. 28, 2005, no pet.) (mem. op., not designated for publication); *Ramos*, 89 S.W.3d at 126; *Clark v. Barr*, 827 S.W.2d 556, 557 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). And three others have stated in *dicta* that such interlocutory orders are an exception to the general rule that only judgments of conviction may be appealed. *See Rush v. State*, Nos. 14-09-00434-CR, 14-09-00453-CR, 14-09-00460-CR & 14-09-00462-CR, 2009 WL 1975617, at *1 (Tex. App.—

Houston [14th Dist.] 2009, no pet.) (mem. op., not designated for publication); *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). On the other hand, five of our sister courts have concluded that because there is no express statutory authorization, there is no right to an interlocutory appeal of a pretrial order raising bail or denying a motion to reduce bail. *See Keaton*, 294 S.W.3d at 873; *McCarver v. State*, 257 S.W.3d 512, 515 (Tex. App.—Texarkana 2008, no pet.); *Vargas v. State*, 109 S.W.3d 26, 29 (Tex. App.—Amarillo 2003, no pet.); *Benford v. State*, 994 S.W.2d 404, 409 (Tex. App.—Waco 1999, no pet.); *Ex parte Shumake*, 953 S.W.2d 842, 846-47 (Tex. App.—Austin 1997, no pet.).

The courts of appeals holding they have jurisdiction over interlocutory appeals involving bail proceedings have reached that conclusion by relying on the Texas Court of Criminal Appeals opinion in *Primrose v. State*, 725 S.W.2d 254 (Tex. Crim. App. 1987) (per curiam), Texas Rule of Appellate Procedure 31.1, or its predecessor, former Rule of Appellate Procedure 44.

The defendant in *Primrose* was indicted for capital murder and denied bail pursuant to Article I, Section 11 of the Texas Constitution.[2] *Primrose*, 725 S.W.2d at 254. He appealed the trial court's order to the Texas Court of Criminal Appeals, arguing proof was not evident that the death penalty would be imposed. The court dismissed the appeal for want of jurisdiction because Article I, Section 11 does not provide a right of appeal to the Court of Criminal Appeals. *Id.* at

---

[2] Article I, Section 11 provides:

> All prisoners shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident; but this provision shall not be so construed as to prevent bail after indictment found upon examination of the evidence, in such manner as may be prescribed by law.

TEX. CONST. Art. I, § 11.

255-56.[3] However, the court went on to say that "appellate jurisdiction lies in the court of appeals," citing to the general constitutional grant of jurisdiction to the courts of appeals and to *Beck v. State*, 648 S.W.2d 7 (Tex. Crim. App. 1983).[4] *Id.* The court also rejected the State's argument that Primrose should have sought relief through habeas corpus, the denial of which is appealable, stating in a footnote:

> Rule 44(a), supra, clearly contemplates direct appeals 'in habeas corpus *and bail proceedings* . . ..'" That appeal is to be 'taken to the court of appeals,' Rule 44(b), supra . . ..

*Id.* at 256 n.3.[5] Presiding Judge Onion concurred in *Primrose*, declining to join footnote 3 of the majority opinion, stating, "[i]f this Court does not have jurisdiction and dismisses a purported appeal, we should not express a first time opinion that, absent a habeas corpus proceeding, an appeal lies from the order entered herein." *Id.* at 256 (Onion, P.J., concurring).

Five years after the *Primrose* decision, the First Court of Appeals denied mandamus relief from an order denying a pretrial motion to reduce bond. *Clark*, 827 S.W.2d at 557. Citing *Primrose* and former rule 44(a), the court held the relator had a remedy by appeal. *Id.* The Corpus Christi court in *Ramos v. State* also relied on *Primrose* and rule 31.1 of the rules of appellate procedure to exercise jurisdiction over an appeal of an order denying a motion to reduce bond. 89 S.W.3d at 124-26. The *Ramos* court concluded "that rule of appellate procedure 31.1, which refers to 'notice of appeal from a judgment *or order* in a *habeas corpus or bail proceeding*' contemplates appeals of orders in bail proceedings." *Id.* at 125-26. All the courts

---

[3] The court distinguished the case from a denial of bail pursuant to Article I Section 11a, because that section of the constitution provides that "the right of appeal to the Court of Criminal Appeals of this State is expressly accorded the accused for a review of any judgment or order made" thereunder. Tex. Const. Art. I, § 11a. *Primrose*, 725 S.W.2d at 255.

[4] In *Beck*, the court held the court of appeals had jurisdiction over an appeal from an order denying relief in a habeas proceeding challenging the denial of bail under Article I, Section 11. 648 S.W.2d at 8-9.

[5] Rule 44, referred to in *Primrose*, is the predecessor to current rule of appellate procedure 31. Both rules set forth the procedures to be followed when a "written notice of appeal from a judgment or an order" in a "habeas corpus or bail proceeding" is filed. *See* Tex. R. App. P. 31.1; Tex. R. App. P. 44(a), 49 Tex. B. J. 569 (Tex. Crim. App. 1986, amended and replaced 1997).

that have recognized jurisdiction over interlocutory appeals of orders raising or refusing to reduce bail have relied on the rule of appellate procedure as authorizing the appeal; none have cited to any other statutory or constitutional authorization.

Several courts have concluded that footnote 3 in *Primrose* is *dictum*. *See Shumake*, 953 S.W.2d at 846 ("We hold that the dictum in *Primrose* is not controlling and decline to read its footnote 3 broadly to provide for a direct appeal in all bail proceedings."); *McCarver*, 257 S.W.3d at 515 ("[T]he conclusion stated in the footnote in *Primrose*, which is dicta in that case, has been necessarily undone by subsequent decisions of the Texas Court of Criminal appeals."). We agree with these courts. We also agree with the opinion in *Shumake*, which raised a question about the *Primrose* court's reliance on a rule of appellate procedure to confer a right to appeal an order that was not appealable under pre-rules law. *See Shumake*, 953 S.W.2d at 845-46; *Benford*, 994 S.W.2d at 409; *see also Ex parte Bice*, 105 Tex. Crim. 484, 485, 289 S.W. 43, 43 (Tex. Crim. App. 1926) (stating "it has never been held that a direct appeal can be taken from an order of any court, made without the intervention of a writ of habeas corpus, fixing bail in a felony case. . . . [O]ne who thinks his bail excessive should resort to his writ of habeas corpus, . . . and, if upon hearing thereof his relief be denied, he may then appeal . . .").

The statutory authority granted to the Texas Court of Criminal Appeals to promulgate rules of appellate procedure expressly provides that the rules may not enlarge the substantive rights of litigants. TEX. GOV'T CODE ANN. § 22.108(a) (West 2004). Subsequent to the *Primrose* opinion, the court of criminal appeals has repeatedly recognized that the rules of appellate procedure do not establish appellate jurisdiction. *See Chavez v. State*, 183 S.W.3d 675, 679 (Tex. Crim. App. 2006); *White v. State*, 61 S.W.3d 424, 427-28 (Tex. Crim. App. 2001); *Olivo v. State*,

918 S.W.2d 519, 523 (Tex. Crim. App. 1996). And we may not "us[e] an appellate rule to create jurisdiction where none exists." *State v. Riewe*, 13 S.W.3d 408, 414 (Tex. Crim. App. 2000).

Rule 31 of the Texas Rules of Appellate Procedure is a procedural rule that directs the course of events in the court of appeals after a judgment or order in a habeas corpus or bail proceeding has been appealed; the rule does not grant a right of appeal not otherwise authorized by law.[6] *Keaton*, 294 S.W.3d at 872; *McCarver*, 257 S.W.3d at 515; *Vargas*, 109 S.W.3d at 29. There is no statutory provision that authorizes a direct appeal of an interlocutory order on a motion to reduce bail. *See Keaton*, 294 S.W.3d at 870; *McCarver*, 257 S.W.3d at 514. We agree with our sister courts in *Keaton*, *McCarver*, *Vargas*, *Benford*, and *Shumake*. In the absence of any express constitutional or statutory authority to review an interlocutory pretrial ruling on a motion to reduce bond, we lack jurisdiction over Sanchez's appeal. *See Abbott*, 271 S.W.3d at 696-97; *Apolinar*, 820 S.W.2d at 794.

We decline to construe Sanchez's motion for bond reduction as a pretrial application for writ of habeas corpus. The motion was not treated as such by the parties or the trial court. "[A]ppellant did not utilize the proper procedure to bring him within appellate review at this point in the proceeding." *Apolinar*, 820 S.W.2d at 794 (holding court of appeals erred by construing special plea as application for writ of habeas corpus in order to exercise jurisdiction over what would otherwise be an unappealable interlocutory order).

---

[6] Rule 31 applies to appeals from orders in bail proceedings for which appeal has been statutorily authorized, such as orders pursuant to article 44.04 of the Code of Criminal Procedure relating to bail pending appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 44.04(g) (West 2006) ("[t]he right of appeal to the Court of Appeals of this state is expressly accorded the defendant for a review of any judgment or order made hereunder"). The rule also applies to appeals in habeas proceedings. A habeas corpus proceeding is a separate and distinct proceeding, independent of the cause instituted by an indictment. *Ex parte Carter*, 849 S.W.2d 410, 412 n. 2 (Tex. App.—San Antonio 1993, pet. ref'd). A trial court order granting or denying habeas relief is therefore a final order, and an appeal from such an order is not interlocutory. *See id.*; *Shumake*, 953 S.W.2d at 846 n. 8.

We dismiss the appeal for want of jurisdiction.

Steven C. Hilbig, Justice

PUBLISH