



# MEMORANDUM OPINION

No. 04-11-00015-CR

## EX PARTE ROLAND V. GARCES

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CR-12831
Honorable Andrew Carruthers, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:    Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  June 1, 2011

DISMISSED FOR WANT OF JURISDICTION

Roland V. Garces, proceeding pro se, seeks to appeal the denial of his pre-trial motion to reduce his $75,000 bail.  We dismiss the appeal for lack of jurisdiction.

### ANALYSIS

Garces is charged with assault–family violence (second offense), with enhancements alleging two prior felony assault convictions involving family violence which make him an habitual offender.  Pre-trial bail of $75,000 was set, and Garces moved to reduce the bail amount based on an affidavit of non-prosecution signed by the complainant, his daughter Eloisa.  After an evidentiary hearing at which Garces's daughter and mother testified, the court denied Garces's motion to reduce his bail.  Garces appealed.

On March 16, 2011, we issued an opinion holding there is no constitutional or statutory provision that authorizes a direct appeal of an interlocutory order on a motion to reduce bail; therefore, we lack jurisdiction over such an appeal. *Sanchez v. State*, No. 04-10-00891-CR, 2011 WL 915589, at *4 (Tex. App.—San Antonio March 16, 2011, no pet.) (citing *Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008)); *see also Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991). We acknowledged that Rule 31 of the Texas Rules of Appellate Procedure contemplates the filing of a notice of appeal from an order in a bail proceeding, but recognized that a rule of appellate procedure does not create appellate jurisdiction where none exists. *Sanchez*, 2011 WL 915589, at *3 (internal citations omitted). The proper vehicle for a defendant to challenge excessive bail is a pre-trial application for writ of habeas corpus, which, if denied, may then be appealed. *Id.* at *3-4. As in *Sanchez*, we decline to construe Garces's motion to reduce bond as a pre-trial application for writ of habeas corpus. *See id.* at *4 (record did not show motion to reduce bond was treated as habeas application by the parties or trial court).

Accordingly, this appeal is dismissed for lack of jurisdiction.[1] TEX. R. APP. P. 43.2(f).

Phylis J. Speedlin, Justice

DO NOT PUBLISH

---

[1] Although the question of jurisdiction was not briefed by the State, we must determine as a preliminary matter whether we have jurisdiction to decide the merits of an appeal. *See State v. Roberts*, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996), *overruled on other grounds by State v. Medrano*, 67 S.W.3d 892, 903 (Tex. Crim. App. 2002).