# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00673-CR

**Ricardo G. Hernandez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
### NO. 10-1483-K26, THE HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Ricardo G. Hernandez pled guilty to one count of aggravated assault with a deadly weapon pursuant to a plea bargain. *See* Tex. Penal Code Ann. § 22.02 (West 2011). In accordance with the plea bargain, the trial court sentenced Hernandez to serve four years in the Texas Department of Criminal Justice.[1] *See id*. § 12.33 (West 2011). Hernandez subsequently filed a motion for new trial. After conducting a hearing on the motion, the trial court denied the motion. Hernandez then filed a notice of appeal from the trial court's ruling. For the following reasons, we dismiss the appeal for want of jurisdiction.

---

[1] A second count of aggravated assault with a deadly weapon was taken into consideration by the trial court as an unadjudicated offense pursuant to section 12.45 of the Texas Penal Code as part of the plea bargain. *See id.* § 12.45 (West 2011).

# DISCUSSION

*Untimely Notice*

Rule 26.2 of the Texas Rules of Appellate Procedure provides that an appeal is perfected in a criminal case when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. Tex. R. App. P. 26.2(a)(1). Where a timely motion for new trial has been filed, notice of appeal must be filed within ninety days after the sentence is imposed or suspended in open court. Tex. R. App. P. 26.2(a)(2). Compliance with Rule 26—the timely filing of a notice of appeal—is essential to vest this Court with jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).

In this case, the trial court imposed sentence on July 14, 2011. Hernandez filed a timely motion for new trial on August 9, 2011. Therefore, Hernandez's notice of appeal was due ninety days after the sentence was imposed, on October 12, 2011. Hernandez filed his notice on October 24, 2011. Thus, Hernandez's notice of appeal, filed 102 days after sentence was imposed, is untimely.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *See State v. Riewe*, 13 S.W.3d 408, 410 (Tex. Crim. App. 2000); *Olivo,* 918 S.W.2d at 522. Absent a timely filed notice of appeal, we do not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *See Slaton*, 981 S.W.2d at 210.

***Trial Court's Ruling Not Appealable***

In addition, the notice of appeal Hernandez filed indicates that he is attempting to appeal the trial court's ruling denying his motion for new trial.[2] We do not have jurisdiction over such an appeal.

The right to appeal is conferred by the Legislature and generally, a party may appeal only those cases for which the Legislature has authorized appeal. *Keaton v. State*, 294 S.W.3d 870, 871 (Tex. App.—Beaumont 2009, no pet.); *see Marin v. State*, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993), *overruled on other grounds*, *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997); *In re Court of Inquiry*, 326 S.W.3d 372, 373 (Tex. App.—Texarkana 2010, no pet.); *see also Olowosuko v. State*, 826 S.W.2d 940, 941 (Tex. Crim. App. 1992) ("It is axiomatic that a party may appeal only that which the Legislature has authorized.").

This Court's jurisdiction is derived from the Constitution of the State of Texas, which provides that the courts of appeals have appellate jurisdiction "under such restrictions and regulations as may be prescribed by law." *Sanchez v. State*, 340 S.W.3d 848, 849 (Tex. App.—San Antonio 2011, no pet.); *see* Tex. Const. art. V, § 6(A). "The standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008); *Sanchez*, 340 S.W.3d at 849.

---

[2] Although the clerk's record in this case contains Hernandez's motion for new trial, it does not contain an order signed by the trial court ruling on the motion for new trial. However, Hernandez's notice of appeal states that he is appealing the October 19, 2011 ruling of the trial court denying his motion for new trial.

Article 44.02 of the Texas Code of Criminal Procedure provides that "[a] defendant in any criminal action has the right of appeal under the rules hereinafter prescribed . . . ." Tex. Code Crim. Proc. Ann. art. 44.02 (West 2006); *see* Tex. R. App. Proc. 25.2(A)(2) (a defendant "has the right of appeal under Code of Criminal Procedure article 44.02 and these rules" in every case in which the trial court "enters a judgment of guilt or other appealable order"). "However, in the absence of a positive legislative enactment, this statutory right of appeal has generally been 'restricted to persons convicted of offenses and those denied release under the writ of habeas corpus.'" *Sanchez*, 340 S.W.3d at 849 (quoting *Celani v. State*, 940 S.W.2d 327, 329 (Tex. App.—San Antonio 1997, pet. ref'd) and *De Silva v. State*, 267 S.W. 271, 272 (Tex. Crim. App. 1924)); *see Abbott*, 271 S.W.3d at 697 n.8 (noting the Court's prior recognition of the "long-established rule that a defendant's general right to appeal under Article 44.02 'has always been limited to appeal' from a 'final judgment.'"); *McIntosh v. State*, 110 S.W.3d 51, 52 (Tex. App.—Waco 2002, no pet.) (defendant has a right to appeal from final judgment of conviction or when "expressly granted by law") (internal quotes omitted).

We have found no constitutional or statutory provision granting Texas courts of appeals jurisdiction over a trial court's post-judgment ruling denying a motion for new trial.[3] *See Billiot v. State*, No. 02-11-00298-CR, 2011 WL 4469232, at *1 (Tex. App.—Fort Worth Aug. 30, 2011, pet. ref'd) (mem. op., not designated for publication) (no statutory authorization for

---

[3] While article 44.01(a)(3) of the Texas Code of Criminal Procedure authorizes the State to appeal an order in a criminal case that grants a new trial, there is no corresponding statutory right articulated in Article 44.02 for a defendant in a criminal case to appeal the denial of a motion for new trial. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(3) (West Supp. 2010), art. 44.02 (West 2006).

direct appeal from denial of motion for new trial independent of direct appeal from underlying conviction); *see also Nguyen v. State*, No. 14-11-00545-CR, 2011 WL 2650737, at *1 (Tex. App.—Houston [14th Dist.] July 7, 2011, no pet.) (mem. op., not designated for publication) (appeal from denial of motion for new trial, separate and apart from appeal from conviction, is improper); *Graves v. State*, No. 14-05-00034-CR, 2005 WL 309977, at *1 (Tex. App.—Houston [14th Dist.] Feb. 10, 2005, no pet.) (mem. op., not designated for publication) (order denying motion for new trial is not a separately appealable order). Therefore, we hold that we lack jurisdiction over Hernandez's appeal of the denial of his motion for new trial. *See Staley v. State*, 233 S.W.3d 337, 338 (Tex. Crim. App. 2007) (defendant's appeal dismissed because it was not authorized by law).

## CONCLUSION

Hernandez's notice of appeal, filed 102 days after sentence was imposed, was untimely. Absent a timely notice of appeal, this Court lacks jurisdiction to entertain an appeal. Moreover, an order denying motion for new trial is not a separately appealable order. For these reasons, we dismiss Hernandez's appeal for lack of jurisdiction. *See* Tex. R. App. P. 43.2(f).

_____

Melissa Goodwin, Justice

Before Justices Puryear, Henson and Goodwin

Dismissed for Want of Jurisdiction

Filed: January 25, 2012

Do Not Publish

5