# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-13-00699-CR

**Michael Dekneef, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 427TH JUDICIAL DISTRICT
NO. D-1-DC-10-100020, THE HONORABLE JIM CORONADO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Michael Dekneef, Jr. of three counts of aggravated sexual assault of a child under the age of six, and assessed his punishment at confinement for 55 years in the Institutional Division of the Texas Department of Criminal Justice and a $10,000 fine for each count. *See* Tex. Penal Code § 22.021(a)(1)(B), (2)(B), (f)(1). On August 22, 2012, the Amarillo Court of Appeals affirmed his convictions. *See Dekneef v. State*, 379 S.W.3d 423, 434 (Tex. App.—Amarillo 2012, pet. ref'd). Petition for discretionary review was denied by the Court of Criminal Appeals on January 16, 2013. *See* Official Site of the Texas Court of Criminal Appeals, http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2510932 (last visited December 12, 2013). Subsequently, Dekneef filed various pro se motions with the district clerk.[1] On

---

[1] On February 18, 2013, Dekneef filed documents entitled "Motion to Compel Subpeona [sic] Duce [sic] Tecum," "Subpeona [sic] Duce [sic] Tecum," "Motion for Petition for Discloser [sic] of Grand Jury Proceedings and Testimony," and "Motion of Request to Reverse Conviction for

October 11, 2013, Dekneef filed a "Notice of Appeal of Recent Motion's" that purports to appeal the trial court's "assumed" denial of his pro se motions. We do not have jurisdiction over such an appeal.

## DISCUSSION

*No Signed Order*

In criminal cases, this Court has jurisdiction to consider appeals from the entry of an appealable order. *See* Tex. R. App. P. 25.2; Tex. Code Crim. Proc. art. 44.02; *see also* Tex. R. App. P. 26.2(a)(1). However, there must be a written, signed order from which to appeal. *See State v. Sanavongxay*, 407 S.W.3d 252, 259 (Tex. Crim. App. 2012) (Court of Criminal Appeals noted that "our precedent requires that an order be in writing" when discussing State's statutory right to appeal pretrial suppression order); *see also State v. Rosenbaum*, 818 S.W.2d 398, 401–02 (Tex. Crim. App. 1991) (holding that for purposes of appeal, trial court "enters" order when judge signs order).

Here, the record before us contains no written orders signed by the trial court denying appellant's various motions. Thus, there is no entry of any appealable orders. Contrary to Dekneef's assertion, there is no "assumed ruling of denial" that allows him the right to appeal.

---

Improper Grand Jury Procedure." On April 16, 2013, he filed two documents entitled "Motion to Quashing [sic] Indictment in Felony" and "Judicial Notice." Finally, on June 18, 2013, he filed documents entitled "Motion to Arrest of Judgment," "Motion to Set Aside Indictment," and "Motion for New Trial."

*Not Appealable Orders*

Even had the trial court signed orders denying Dekneef's pro se motions, we find no authority for Dekneef to appeal these orders.

The right to appeal is conferred by the Legislature and generally, a party may appeal only those cases for which the Legislature has authorized appeal. *Keaton v. State*, 294 S.W.3d 870, 871 (Tex. App.—Beaumont 2009, no pet.); *see Marin v. State*, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993), *overruled on other grounds, Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997); *In re Court of Inquiry*, 326 S.W.3d 372, 373 (Tex. App.—Texarkana 2010, no pet.); *see also Olowosuko v. State*, 826 S.W.2d 940, 941 (Tex. Crim. App. 1992) ("It is axiomatic that a party may appeal only that which the Legislature has authorized.").

This Court's jurisdiction is derived from the Constitution of the State of Texas, which provides that the courts of appeals have appellate jurisdiction "under such restrictions and regulations as may be prescribed by law." *Sanchez v. State*, 340 S.W.3d 848, 849 (Tex. App.—San Antonio 2011, no pet.); *see* Tex. Const. art. V, § 6(A). The standard of determining whether an appellate court has jurisdiction to hear and determine a case "is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008)); *Sanchez*, 340 S.W.3d at 849.

Article 44.02 of the Texas Code of Criminal Procedure provides that "[a] defendant in any criminal action has the right of appeal under the rules hereinafter prescribed . . . ." Tex. Code Crim. Proc. art. 44.02; *see* Tex. R. App. P. 25.2(A)(2) (defendant "has the right of appeal under Code

3

of Criminal Procedure article 44.02 and these rules" in every case in which trial court "enters a judgment of guilt or other appealable order"). "However, in the absence of a positive legislative enactment, this statutory right of appeal has generally been 'restricted to persons convicted of offenses and those denied release under the writ of habeas corpus.'" *Sanchez*, 340 S.W.3d at 849 (quoting *Celani v. State*, 940 S.W.2d 327, 329 (Tex. App.—San Antonio 1997, pet. ref'd) and *De Silva v. State*, 267 S.W. 271, 272 (Tex. Crim. App. 1924)); *see Abbott*, 271 S.W.3d at 697 n.8 (noting Court's prior recognition of "long-established rule that a defendant's general right to appeal under Article 44.02 'has always been limited to appeal' from a 'final judgment.'"); *McIntosh v. State*, 110 S.W.3d 51, 52 (Tex. App.—Waco 2002, no pet.) (defendant has right to appeal from final judgment of conviction or when "expressly granted by law") (internal quotes omitted).

We find no constitutional or statutory provision granting Dekneef the right to appeal these post-conviction motions.

*No Certification of Right to Appeal*

Furthermore, the trial court certification in the record reflects that Dekneef has no right of appeal. We are required to dismiss an appeal "if a certification that shows the defendant has a right of appeal has not been made part of the record." *See* Tex. R. App. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

**CONCLUSION**

We hold that we lack jurisdiction over Dekneef's appeal of the "assumed" denial of his post-conviction pro se motions because (1) there are no signed written orders denying his

motions, *see Sanavongxay*, 407 S.W.3d at 259 (affirming appellate court's dismissal for lack of jurisdiction because there was no written order from which to appeal), (2) there is no authority for the appeal Dekneef attempts, *see Staley v. State*, 233 S.W.3d 337, 338 (Tex. Crim. App. 2007) (defendant's appeal dismissed because it was not authorized by law), and (3) the record contains a certification indicating that Dekneef has no right to appeal, *see* Tex. R. App. P. 25.2(d).

Accordingly, we dismiss Dekneef's appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

_____

Melissa Goodwin, Justice

Before Justices Puryear, Rose, and Goodwin

Dismissed for Want of Jurisdiction

Filed:   December 20, 2013

Do Not Publish