

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00033-CR

_____

BRIAN WILLIAMS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 11F0302-5

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Brian Williams has filed notices of appeal in connection with rulings in multiple prosecutions in which he is the defendant. In each instance, he is complaining about the denial of relief on pretrial motions filed in his pending prosecution.

As a general rule, an appellate court may consider appeals by criminal defendants only after conviction. *See Ex parte Shumake*, 953 S.W.2d 842, 844 (Tex. App.—Austin 1997, no pet.). It is axiomatic that a party may appeal only that which the Legislature has authorized. *Olowosuko v. State*, 826 S.W.2d 940, 941 (Tex. Crim. App. 1992). Intermediate appellate courts have no jurisdiction to review interlocutory orders absent express authority. TEX. R. APP. P. 25.2(b)(2); *Ex parte Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991); *Sanchez v. State*, 340 S.W.3d 848, 849 (Tex. App.—San Antonio 2011, no pet.). On receiving his notice of appeal, we sent Williams a letter telling him that we found no order or judgment in the record that was appealable and asked him to show this Court how we had jurisdiction over each appeal. We have received a response in which Williams directs us to Rule 25.2(a)(2)(A) of the Texas Rules of Appellate Procedure as permitting his appeal. *See* TEX. R. APP. P 25.2(a)(2)(A). That section of the Rule provides that, if a plea agreement is granted, a defendant may appeal certain types of matters raised by written motion filed and ruled on before trial.

In that limited situation, such an appeal for certain types of pretrial determinations may be brought from a conviction pursuant to a plea agreement. The Rule provides an exception to the limitation on appeals from convictions pursuant to a plea agreement, and it does not allow separate, interlocutory appeals from any pretrial rulings by the trial court.

The Rule provides no relief for Williams. Our review of the appellate record reveals no appealable orders. We therefore must dismiss the appeal for want of jurisdiction.

We dismiss the appeal.


                                                Josh R. Morriss, III
                                                Chief Justice

Date Submitted:        April 3, 2014
Date Decided:          April 4, 2014

Do Not Publish