

# IN THE
# TENTH COURT OF APPEALS

No. 10-15-00025-CR
No. 10-15-00026-CR
No. 10-15-00047-CR
No. 10-15-00048-CR
No. 10-15-00049-CR
No. 10-15-00050-CR
No. 10-15-00051-CR
No. 10-15-00052-CR
No. 10-15-00053-CR
No. 10-15-00054-CR

**CARLOS ALVAREZ PEREZ III,**

                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                    **Appellee**

_____

**From the 220th District Court**
**Hamilton County, Texas**
**Trial Court Nos. CR07960, CR07970, CR07961, CR07971, CR07972,**
**CR07973, CR07974, CR07975, CR07976 and CR07977**

---

## MEMORANDUM  OPINION

---

In ten cause numbers, appellant, Carlos Alvarez Perez III, filed pro se interlocutory notices of appeal of the trial court's denial of his motions for bond reduction.[1] The Clerk of the Court notified appellant that these cases are subject to dismissal for want of jurisdiction and that the Court might dismiss the appeals unless appellant showed grounds for continuing them. Appellant did not respond to the Clerk's letter.

This Court lacks jurisdiction over a trial court's denial of a motion for bond reduction when the appeal is not from the trial court's denial of a pre-trial application for writ of habeas corpus in which the appellant sought bond reduction.[2] *See Benford v. State*, 994 S.W.2d 404, 409 (Tex. App.—Waco 1999, no pet.); *see also Sanchez v. State*, 340 S.W.3d 848, 849 (Tex. App.—San Antonio 2011, no pet.). Accordingly, these appeals are dismissed for want of jurisdiction.[3]

---

[1] The ten cause numbers correspond with the following appellate cause numbers: 10-15-00025-CR, 10-15-00027-CR, and 10-15-00047-CR through 10-15-00054-CR.

[2] We also note that appellant is still represented by counsel, and the record does not demonstrate that appellant's trial counsel has filed a motion to withdraw in the trial court or that he has been removed as appellant's attorney in some other fashion. Moreover, appellant's pro se notices of appeal do not appear to have been served on his trial counsel. The Court of Criminal Appeals has held that a party represented by counsel is not entitled to hybrid representation. *See Ex parte Bohannan*, 350 S.W.3d 116, n.1 (Tex. Crim. App. 2011) (noting that the court disregarded and took no action on applicant's pro se submissions because he was represented by counsel); *see also Ex parte Taylor*, 36 S.W.3d 883, 887 (Tex. Crim. App. 2001).

[3] A motion for rehearing may be filed within fifteen days after the judgment or order of this Court is rendered. TEX. R. APP. P. 49.1. If the appellant desires to have the decision of this Court reviewed by the Court of Criminal Appeals, a petition for discretionary review must be filed in the Court of Criminal Appeals within thirty days after either the day of the court of appeals' judgment was rendered or the day the last timely motion for rehearing was overruled by the court of appeals. *See id.* at R. 68.2(a).

AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Appeals dismissed
Opinion delivered and filed March 19, 2015
Do not publish
[CRPM]

