

# Fourth Court of Appeals
## San Antonio, Texas

December 11, 2015

No. 04-15-00756-CR

Samuel Charles **PERKINS,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. CM021774; CM022492; CM021771; CM021770; CM022491; CM022493;
CM000409; CM000410; CM021772; CM021773
Honorable Andrew Carruthers, Judge Presiding

# O R D E R

Samuel C. Perkins has filed a notice of appeal stating he is appealing the trial court's order modifying the conditions of his pretrial bond in ten cases pending in the district courts of Bexar County. A clerk's record has been filed.

"The courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law." *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991). A trial court's order on a motion to modify the amount or conditions of a pretrial bond is not authorized by statute and is not appealable. *See Ragston v. State,* 4 S.W.3d 49 (Tex. Crim. App. 2014) ("There is no constitutional or statutory authority granting the courts of appeals jurisdiction to hear interlocutory appeals regarding excessive bail or the denial of bail."); *Sanchez v. State*, 340 S.W.3d 848 (Tex. App.—San Antonio 2011, no pet) (holding court of appeals lacked jurisdiction over appeal of pretrial order on motion for reduction of bond); *Lewis v. State*, No. 04-06-00538-CR, 2006 WL 3613197, at *1 (Tex. App.—San Antonio Dec. 13, 2006, no pet.) (mem. op., not designated for publication) (dismissing for lack of jurisdiction appeal of trial court's order denying motion to modify the conditions of pretrial bond); *Bridle v. State,* 16 S.W.3d 906, 908 (Tex. App.—Fort Worth 2000, no pet.) (dismissing for lack want of jurisdiction appeal of order requiring ignition interlock device installed on vehicle as a condition of pretrial bond).

We **order** appellant to file, by **December 21, 2015**, a response showing why this appeal should not be dismissed for want of jurisdiction. If appellant fails to satisfactorily respond within the time provided, the appeal will be dismissed. *See* TEX. R. APP. P. 42.3(c). If a supplemental clerk's record is required to show this court's jurisdiction, appellant must request the trial court clerk to prepare one and must file a copy of the request with this court.

All deadlines in this matter are suspended until further order of the court.

_____
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 11th day of December, 2015.

_____
Keith E. Hottle
Clerk of Court