

# Fourth Court of Appeals
## San Antonio, Texas

January 31, 2017

No. 04-17-00024-CR

Samuel Charles **PERKINS,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. CM021772, CM021773, CM021774, CM000409, CM000410, CM021770,
CM021771, CM022492, CM022493, CM023681, CM023682
Honorable Andrew Carruthers, Judge Presiding

## O R D E R

On January 12, 2017, Appellant Samuel Charles Perkins filed a motion in this court for leave to file a late notice of appeal. His motion lists twelve different magistrate court cause numbers, but it does not identify a specific judgment for which he wishes to file a late notice of appeal, and the clerk's record does not appear to contain an appealable order or judgment.

This court has already dismissed appeals for want of jurisdiction in these same cause numbers on three separate occasions: 04-15-00756-CR, 04-16-00046-CR, and 04-16-00467-CR.

We ORDER Appellant to show cause in writing within FIFTEEN DAYS of the date of this order why this appeal should not be dismissed for want of jurisdiction. If Appellant fails to show cause in writing as ordered, this appeal will be dismissed. *See Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012) (citing *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996)) ("If a notice of appeal is not timely filed, the court of appeals has *no option* but to dismiss the appeal for lack of jurisdiction." (emphasis added)); *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991) ("The courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law."); *see also Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014) ("There is no constitutional or statutory authority granting the courts of appeals jurisdiction to hear interlocutory appeals regarding excessive bail or the denial of bail."); *Sanchez v. State*, 340 S.W.3d 848, 852 (Tex. App.—San Antonio 2011, no pet.) (holding court of appeals lacked jurisdiction over appeal of

pretrial order on motion for reduction of bond); *Bridle v. State*, 16 S.W.3d 906, 908 (Tex. App.—Fort Worth 2000, no pet.) (dismissing appeal for lack of jurisdiction because appeal of order regarding condition of pretrial bond was not appealable).

All other appellate deadlines are SUSPENDED pending further order of this court.

_____
Patricia O. Alvarez, Justice


IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 31st day of January, 2017.

_____
Keith E. Hottle
Clerk of Court