

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00057-CR

Temitope A. **OLAGESHIN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR13033
Honorable Raymond Angelini, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Justice
               Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed: March 11, 2020

DISMISSED FOR LACK OF JURISDICTION

Appellant Temitope A. Olageshin filed a pro se notice of appeal, stating his intent to appeal the trial court's December 4, 2019 order that increased the amount of his pretrial bond. We, however, do not have jurisdiction over this appeal.

Courts of appeal "do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law." *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991). A trial court's order on a motion to modify the amount or conditions of a pretrial bond is not authorized by statute and therefore is not appealable. *See Ragston v. State*, 424

S.W.3d 49, 52 (Tex. Crim. App. 2014) ("There is no constitutional or statutory authority granting the courts of appeals jurisdiction to hear interlocutory appeals regarding excessive bail or the denial of bail."); *Ex parte Herrera*, No. 04-18-00020-CR, 2018 WL 1733123, at \*2 (Tex. App.—San Antonio Apr. 11, 2018, no pet.) (mem. op., not designated for publication) (holding court of appeals lacked jurisdiction to consider issues seeking to appeal the trial court's order increasing the amount of the appellant's pretrial bond); *Sanchez v. State*, 340 S.W.3d 848, 852 (Tex. App.—San Antonio 2011, no pet.) (holding court of appeals lacked jurisdiction over appeal of pretrial order on motion for reduction of bond).

On January 31, 2020, this court ordered appellant to show cause in writing why this appeal should not be dismissed for lack of jurisdiction. Appellant did not file a response showing that we have jurisdiction over this appeal. Therefore, this appeal is dismissed for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH