

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

Nos. 04-20-00395-CR & No. 04-20-00397-CR

**EX PARTE** Juan **HERNANDEZ**

From the County Court at Law No. 13, Bexar County, Texas
Trial Court Nos. 641471 & 641472
Honorable Rosie S. Gonzalez, Judge Presiding

Opinion by:    Beth Watkins, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Beth Watkins, Justice

Delivered and Filed:   November 18, 2020

DISMISSED FOR LACK OF JURISDICTION

Appellant Juan Hernandez appeals the trial court's order on his pretrial application for writ of habeas corpus. We dismiss this appeal for lack of jurisdiction.

### BACKGROUND

The State charged Hernandez with two misdemeanor counts of assault causing bodily injury, and the trial court set his cash bond at $2,000 for each count. Hernandez filed a motion to reduce the amount of the bond, which the trial court denied. Hernandez then filed an application for writ of habeas corpus, which again sought a reduction of his cash bond. On July 22, 2020, the trial court granted Hernandez's application and lowered his cash bond to $50 for each count. The trial court also sua sponte imposed additional non-monetary conditions on Hernandez's release, including an order directing Hernandez to remain on house arrest. Hernandez did not object to the

additional conditions or request any further relief in the trial court. On July 23, 2020, Hernandez filed this appeal.

## ANALYSIS

"The right to appeal in a criminal case is a substantive right solely within the province of the Legislature." *Ahmad v. State*, 158 S.W.3d 525, 526 (Tex. App—Fort Worth 2004, pet. ref'd). While a criminal defendant generally may appeal only from a final judgment, "[t]he denial of relief on a pretrial writ of habeas corpus may be appealed immediately[.]" *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005). Here, however, the trial court *granted* the relief Hernandez sought in his habeas application—a reduction in the amount of his cash bond. Hernandez nevertheless appeals that order, arguing the trial court abused its discretion by conditioning his release on an order that he remain on house arrest. The State argues we lack jurisdiction over Hernandez's appeal because he did not seek habeas relief from the house arrest order in the trial court.

We agree with the State. "[W]hether we can entertain an interlocutory appeal from the denial of a bail-reduction request depends on how the defendant presented that request to the trial court." *Sanderson v. State*, Nos. 02-20-00006-CR, 02-20-00007-CR, 02-20-00009-CR, 2020 WL 827590, at *1 (Tex. App.—Fort Worth Feb. 20, 2020, no pet.) (not designated for publication). Because Hernandez never contested the house arrest provision in the trial court, his appellate arguments cannot be construed as challenging the denial of a habeas application. *See Ex parte Miears*, Nos. 04-09-00800-CR, 04-09-00801-CR, 04-09-00802-CR, 2010 WL 727525, at *1–2 (Tex. App.—San Antonio Mar. 3, 2010, no pet.) (not designated for publication). Hernandez's appeal is effectively an interlocutory challenge to a bail condition he considers excessive. We lack jurisdiction to hear interlocutory appeals regarding excessive bail conditions if the defendant did not first raise those complaints in a habeas corpus application in the trial court. *Ragston v. State*,

424 S.W.3d 49, 52 (Tex. Crim. App. 2014); *Sanchez v. State*, 340 S.W.3d 848, 852 (Tex. App.—San Antonio 2011, no pet.). As a result, we must dismiss Hernandez's appeal for lack of jurisdiction. *See Ragston*, 424 S.W.3d at 52.

## CONCLUSION

We dismiss this appeal for lack of jurisdiction.

Beth Watkins, Justice

DO NOT PUBLISH