

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00093-CR

Alan D. **FREY** III,
Appellant

v.

The **STATE** of Texas,
Appellee

From the Criminal District Court, Magistrate Court, Bexar County, Texas
Trial Court No. 2025CR002806
Honorable Miguel Najera, Judge Presiding

PER CURIAM

Sitting:    Adrian A. Spears II, Justice
            H. Todd McCray, Justice
            Velia J. Meza, Justice

Delivered and Filed: April 9, 2025

DISMISSED FOR LACK OF JURISDICTION

Alan D. Frey III filed a pro se notice of appeal. The clerk's record does not contain a final judgment of conviction. The only order contained in the clerk's record is a magistrate's order setting Frey's bond at $15,000.00.[1] Thus, it appears that Frey is attempting to appeal from an interlocutory order.

---

[1]The supplemental clerk's record shows after the magistrate set Frey's bond, Frey was indicted for theft of property and unauthorized use of a vehicle.

"The courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law." *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991). An order setting bond is not an appealable interlocutory order. *Sanchez v. State*, 340 S.W.3d 848, 849 (Tex. App.—San Antonio 2011, no pet.) (concluding pretrial order setting bond amount was not appealable and dismissing appeal for lack of jurisdiction); *McCarver v. State*, 257 S.W.3d 512, 515 (Tex. App.—Texarkana 2008, no pet.) (concluding Legislature has not provided courts of appeals with jurisdiction over "direct appeal[s] from interlocutory pretrial orders involving bail."); *see also Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014) ("There is no constitutional or statutory authority granting the courts of appeals jurisdiction to hear interlocutory appeals regarding excessive bail or the denial of bail.").

We ordered Frey to show cause in writing why this appeal should not be dismissed for lack of jurisdiction; however, Frey did not respond. Accordingly, we dismiss this appeal for lack of jurisdiction.

PER CURIAM

Do Not Publish