# NO. 12-16-00305-CR
# NO. 12-16-00306-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RUDOLPH CHESTANG, III,* *APPELLANT* | § | *APPEAL FROM THE 294TH* |
| *V.* | § | *DISTRICT COURT* |
| | § | *VAN ZANDT COUNTY, TEXAS* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | |

## MEMORANDUM OPINION
### PER CURIAM

Rudolph Chestang appeals from an order granting the State's motion to find bond insufficient. We dismiss for want of jurisdiction.

## BACKGROUND

On June 15, 2016, Appellant was detained for attempted murder and prohibited substance in a correctional facility. The trial court set bond at $125,000 for attempted murder and $25,000 for the prohibited substance offense. On September 13, Appellant filed an application seeking a bail reduction or personal recognizance bond. On September 22, the trial court held a hearing to consider a "writ of habeas corpus." On September 23, the trial court granted Appellant's application for a personal recognizance bond in both cases.

Thereafter, the grand jury indicted Appellant for aggravated assault with a deadly weapon and prohibited substance in a correctional facility. The State filed a motion to find Appellant's bond insufficient. On October 7, the trial court granted the motion and set bond at (1) $150,000

for aggravated assault; and (2) $25,000 for the prohibited substance offense. The order provides for either a surety or cash bond. Appellant subsequently filed a notice of appeal in both cases.[1]

On December 5, this Court notified Appellant that the notice of appeal in both cases failed to show the jurisdiction of the Court, namely, there is no final judgment or appealable order. In response, Appellant maintained that applications for writ of habeas corpus were filed in both cases, which the trial court heard on September 22, and which resulted in the granting of his request for a personal recognizance bond. He contends that "because the order rescinding the personal bonds was issued by the trial court in a criminal cause number, these matters were filed as criminal appeals of an appealable order[]" instead of applications for writ of habeas corpus.

## JURISDICTION

Appellant's appeals in these cases arise from the trial court's order granting the State's motion to find bond insufficient, not from rulings on any application for writ of habeas corpus. The Legislature has not vested appellate courts with jurisdiction to consider direct appeals from interlocutory pretrial bail rulings. *See McCarver v. State*, 257 S.W.3d 512, 515 (Tex. App.—Texarkana 2008, no pet.). As the Texas Court of Criminal Appeals has explained, "[t]here is no constitutional or statutory authority granting the courts of appeals jurisdiction to hear interlocutory appeals regarding excessive bail or the denial of bail." *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). Accordingly, we lack jurisdiction to consider Appellant's appeals from the trial court's pretrial bail rulings in this case. *See id.*; *see also McCarver*, 257 S.W.3d at 515; *Wright v. State*, 969 S.W.2d 588, 589-90 (Tex. App.—Dallas 1998, no pet.) (holding no jurisdiction over appeal from pretrial order revoking bond).

## DISPOSITION

We *dismiss* Appellant's appeals for *want of jurisdiction*.

Opinion delivered January 11, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[1] Regarding cause number 12-16-00305-CR, we also note that Appellant's notice of appeal, filed on November 22, and motion for extension of time to file the notice of appeal, filed on November 29, were untimely. *See* TEX. R. APP. P. 26.2(a)(1), 26.3.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 11, 2017**

**NO. 12-16-00305-CR**

**RUDOLPH CHESTANG, III,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 294th District Court

of Van Zandt County, Texas (Tr.Ct.No. WR16-00105)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of this appeal, and that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 11, 2017**

**NO. 12-16-00306-CR**

**RUDOLPH CHESTANG, III,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 294th District Court

of Van Zandt County, Texas (Tr.Ct.No. WR16-00104)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of this appeal, and that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*