# NO. 12-21-00041-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JASON ALLEN BENSON,* *APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

### MEMORANDUM OPINION
### PER CURIAM

Jason Allen Benson filed a notice of appeal from an order denying his second motion to modify bond conditions. On March 18, 2021, the Clerk of this Court notified Appellant that the information received in this appeal failed to show the jurisdiction of this Court, i.e., the order being appealed is not appealable. The notice warned that the appeal would be dismissed unless Appellant amended the information on or before March 29 to show this Court's jurisdiction. This deadline passed without a response from Appellant or an amended notice of appeal.

This appeal arises from the trial court's order denying Appellant's motion to modify his bond conditions, not from a ruling on an application for writ of habeas corpus. The Legislature has not vested appellate courts with jurisdiction to consider direct appeals from interlocutory pretrial bail rulings. *Chestang v. State*, No. 12-16-00305-CR, 2017 WL 104637, at *1 (Tex. App.—Tyler Jan. 11, 2017, no pet.) (mem. op., not designated for publication) (per curiam); *see also McCarver v. State*, 257 S.W.3d 512, 515 (Tex. App.—Texarkana 2008, no pet.). As the court of criminal appeals has explained, "[t]here is no constitutional or statutory authority granting the courts of appeals jurisdiction to hear interlocutory appeals regarding excessive bail or the denial of bail." *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). Accordingly, we lack jurisdiction to consider Appellant's appeal from the trial court's pretrial bail ruling in this case. *See id.*; *see also Mouton v. State*, No. 12-20-00034-CR, 2020

WL 6380336, at *1 (Tex. App.—Tyler Oct. 30, 2020, no pet.) (mem. op., not designated for publication) (per curiam); ***Thomas v. State***, No. 05-20-00722-CR, 2020 WL 5757340, at *1 (Tex. App.—Dallas Sept. 28, 2020, no pet.) (mem. op., not designated for publication); ***Olageshin v. State***, No. 04-20-00057-CR, 2020 WL 1159065, at *1 (Tex. App.—San Antonio Mar. 11, 2020, no pet.) (mem. op., not designated for publication) (per curiam); ***Chestang***, 2017 WL 104637, at *1; ***Bridle v. State***, 16 S.W.3d 906, 908 (Tex. App.—Fort Worth 2000, no pet.). For this reason, we ***dismiss*** the appeal ***for want of jurisdiction***.

Opinion delivered April 7, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 7, 2021**

**NO. 12-21-00041-CR**

**JASON ALLEN BENSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 217th District Court
of Angelina County, Texas (Tr.Ct.No. 2020-0291)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*