

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-23-00102-CR

---

TORRANCE MEYON ROBINSON, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 29951

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

On August 11, 2022, Torrance Meyon Robinson was indicted for assault of a member of his household by impeding circulation. On February 6, 2023, Robinson's court-appointed attorney filed a motion to reduce Robinson's $110,000.00 bond. On February 24, 2023, the trial court entered an order denying the bond reduction motion. On May 11, 2023, Robinson filed a pro se notice appealing the trial court's order.

In Texas, "[j]urisdiction must be expressly given to the courts of appeals in a statute." *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). "[T]he standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Id.* (alteration in original) (quoting *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008)). "This extends to interlocutory appeals as well . . . ." *Id.* "The courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law." *Id.* (quoting *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991)). The Texas Legislature has not given appellate courts jurisdiction to hear direct appeals from interlocutory pretrial bail rulings, such as the trial court's February 24 order in this case. *See id.*; *McCarver v. State*, 257 S.W.3d 512 (Tex. App.—Texarkana 2008, no pet.). Consequently, we find no appealable order in the record before this Court.

Further, even if the trial court's February 24 order were appealable, Robinson's notice of appeal would not have been timely.

By letter dated May 16, 2023, we notified Robinson's court-appointed attorney of this jurisdictional issue and afforded him an opportunity to respond. Although counsel for Robinson

did not file a response, Robinson did.  Robinson's response failed to demonstrate how we have jurisdiction over this appeal.

Because there is no appealable order in the appellate record, we lack jurisdiction over this appeal.  Consequently, we dismiss the appeal for want of jurisdiction.


Scott E. Stevens
Chief Justice


Date Submitted:     June 1, 2023
Date Decided:       June 2, 2023

Do Not Publish