# NO. 12-23-00156-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DAKOTA CRITTENDEN,* *APPELLANT* | § | *APPEAL FROM THE 392ND* |
| *V.* | § | *DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Dakota Crittenden filed a pro se notice of appeal to challenge the denial of his motion to reduce bond. On June 12, 2023, the Clerk of this Court notified Appellant that the information received in this appeal failed to show the jurisdiction of this Court, i.e., there was no notice of appeal filed within the time allowed by the rules of appellate procedure and no timely motion for an extension of time to file the notice of appeal. The notice warned that the appeal would be dismissed unless Appellant amended the information on or before June 22 to show this Court's jurisdiction. This deadline passed without a response from Appellant or an amended notice of appeal.

In a criminal case, the appellant perfects an appeal by timely filing a sufficient notice of appeal. TEX. R. APP. P. 25.2(b). The notice of appeal must be filed (1) within thirty days after the day sentence is imposed or suspended in open court or after the day the trial court enters an appealable order, or (2) within ninety days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a). The appellate court may extend the time for filing a notice of appeal if, within fifteen days after the deadline for filing the notice, the party files in the trial court the notice of appeal and files in the appellate court a motion complying with Rule 10.5(b). TEX. R. APP. P. 26.3. Here, Appellant

filed his notice of appeal on June 12, after expiration of the time for filing a timely notice of appeal or seeking an extension of time to file the notice of appeal from the trial court's March 10, 2022 order denying his motion to reduce bond.

"[A]ppeals by either the State or the defendant in a criminal case are permitted only when they are specifically authorized by statute." **State ex rel. Lykos v. Fine**, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011). This Court is not authorized to extend the time for perfecting an appeal except as provided by the Texas Rules of Appellate Procedure.[1] *See* TEX. R. APP. P. 26.2, 26.3; *see also* **Slaton v. State**, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); **Olivo v. State**, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Because Appellant's notice of appeal was not timely filed and he did not file a motion for extension with this Court within the time prescribed by Rule 26.3, we *dismiss* Appellant's appeal for *want of jurisdiction*. *See Olivo*, 918 S.W.2d at 522*; see also* TEX. R. APP. P. 43.2(f).

Opinion delivered June 30, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[1] Nor has the Legislature vested appellate courts with jurisdiction to consider direct appeals from interlocutory pretrial bail rulings. **Chestang v. State**, No. 12-16-00305-CR, 2017 WL 104637, at *1 (Tex. App.—Tyler Jan. 11, 2017, no pet.) (mem. op., not designated for publication) (per curiam) (noting that appeal was not from pretrial habeas application); *see also* **McCarver v. State**, 257 S.W.3d 512, 515 (Tex. App.—Texarkana 2008, no pet.). "There is no constitutional or statutory authority granting the courts of appeals jurisdiction to hear interlocutory appeals regarding excessive bail or the denial of bail." **Ragston v. State**, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). Thus, we lack jurisdiction over Appellant's appeal from the pretrial bail ruling. *See id.*; *see also* **Mouton v. State**, No. 12-20-00034-CR, 2020 WL 6380336, at *1 (Tex. App.—Tyler Oct. 30, 2020, no pet.) (mem. op., not designated for publication) (per curiam); **Thomas v. State**, No. 05-20-00722-CR, 2020 WL 5757340, at *1 (Tex. App.—Dallas Sept. 28, 2020, no pet.) (mem. op., not designated for publication); **Olageshin v. State**, No. 04-20-00057-CR, 2020 WL 1159065, at *1 (Tex. App.—San Antonio Mar. 11, 2020, no pet.) (mem. op., not designated for publication) (per curiam); **Chestang**, 2017 WL 104637, at *1; **Bridle v. State**, 16 S.W.3d 906, 908 (Tex. App.—Fort Worth 2000, no pet.).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 30, 2023

NO. 12-23-00156-CR

**DAKOTA CRITTENDEN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 392nd District Court

of Henderson County, Texas (Tr.Ct.No. CR22-0031-392)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J*